Los Jueces Asociados Sres. Wolf y Hutchison no tomaron parte en la resolución de este caso.

---

DELGADO, INTERVENTOR APELANTE, *v.* CRUZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en incidente de *injunction* para paralizar partición de herencia.

No. 2041.—Resuelto en noviembre 21, 1919.

PARTICIÓN DE HERENCIA — ACREEDORES. — Para que una persona tenga derecho a impedir que los herederos practiquen la partición de la herencia, es necesario, de acuerdo con el artículo 1049 del Código Civil, que tal persona osente el carácter de acreedor de la herencia con título reconocido.

INJUNCTION—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN.—La concesión de un *injunction* no es *ex debito justitiae* sino que descansa en la sana discreción del tribunal, por lo que la resolución de la corte inferior concediendo o negando un *injunction* no será revocada en apelación a menos que se demuestre que dicha corte abusó de su facultad discrecional.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Dones.*

Abogados de los apelados: *Sres. Francisco González* y *José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Enrique Delgado presentó una demanda de intervención en cierto pleito seguido en la Corte de Distrito de Humacao y luego archivó una solicitud de *injunction* que fué finalmente declarada sin lugar. La presente apelación se interpuso contra la sentencia negando el *injunction.*

La demanda de intervención se dirige contra Eladia Cruz, viuda de Jiménez, contra Joaquín Jiménez Cruz y contra la sucesión del Dr. Manuel Jiménez Cruz y por ella se pide a la corte que declare nulo un expediente, en el cual se estimó justificado el dominio de dos fincas a favor de la demandada Eladia Cruz, y varias escrituras de arrendamiento, segregación, venta, hipoteca y rescisión, todas otorgadas en relación

con las dichas fincas; y, además, se solicita que se condene a la sucesión del Dr. Manuel Jiménez Cruz a pagar a la sociedad de gananciales que el demandante tiene constituída con su esposa Gertrudis Jiménez Cruz, la suma de $8,102.77.

En la demanda de intervención se alega que las fincas de que se trata en ella no pertenecen privativamente a la demandada doña Eladia Cruz, sino que correspondían a la sociedad de gananciales que la dicha doña Eladia tuvo constituída con su esposo don Manuel Jiménez Sicardó fallecido en 1887. La esposa del demandante interventor es hija de don Manuel y de doña Eladia. Y se alega, además, en la demanda, que muerto don Manuel Jiménez Sicardó, su hijo, el Dr. Jiménez Cruz, entró a administrar las fincas sin entregar a la esposa del demandante la parte que le correspondía en sus productos, y es esa parte, ascendente a $8,102.77. la que se reclama a su sucesión.

Archivada la demanda, el demandante interventor presentó su solicitud de *injunction* alegando que la sucesión del doctor Jiménez Cruz, uno de los demandados, había promovido los procedimientos necesarios para la partición de sus bienes y que si tales procedimientos terminaban y cada heredero percibía su parte, el solicitante se vería obligado a establecer varias acciones separadas para reclamar a cada uno el cumplimiento de las obligaciones contraídas por su causante. Y alega en ella, además, que el solicitante carecía de todo otro remedio adecuado, fácil y expedito en el curso ordinario de la ley para garantizar su derecho.

¿Es éste un caso propio para expedir un auto de *injunction*? ¿Asiste al demandante interventor algún derecho claro para obtener la paralización de las operaciones divisorias? Veámoslo.

Desde muchos años antes de aprobarse la ley sobre *injunctions,* se reconocía al acreedor el derecho de paralizar la partición de la herencia hasta que se le pagara o afianzara el importe de su crédito. El artículo 1082 del Código Civil Antiguo, igual al 1049 del Código Civil Revisado, dice: "Los

acreedores reconocidos como tales podrán oponerse a que se lleve a efecto la partición de la herencia hasta que se les pague o afiance el importe de sus créditos.''

''Los herederos tienen, desde luego, la facultad de partir'', dice Manresa, ''o dividir la herencia; pero sólo deben comprenderse en la división los bienes y derechos que queden después de cumplidas las obligaciones o pagadas las deudas de la sucesión; * * * Primero es pagar que heredar, se ha dicho siempre, y éste puede decirse que es el fundamento del precepto del artículo 1082, en general, o la principal razón que abona la facultad que a los acreedores se concede.'' 7 Manresa. Código Civil Español, 3ª. edición, página 756.

Ahora bien, la ley no se refiere en general a ''los acreedores'', sino que se limita a ''los acreedores reconocidos como tales''. Manresa estudia esa limitación y concluye: ''Los acreedores cuyos créditos no quieran reconocer los herederos ni puedan presentar un título escrito que justifique cumplidamente su derecho, no podrán ejercitar, por tanto, la facultad concedida en el artículo 1082.'' 7 Manresa. Código Civil Español, 3ª. edición, página 755. Y ese es precisamente el caso del demandante interventor. Puede que le asista el derecho que alega; puede que su reclamación sea enteramente justa, pero la deuda que reclama no consta aun reconocida y depende, en primer término, de que se resuelvan a su favor las nulidades del expediente de dominio y de los documentos públicos que solicita, y, después, de la prueba que aporte para demostrar que el causante de la sucesión demandada percibió y no entregó los productos que se expresan en la demanda.

No encontrándose, pues, el apelante en las condiciones requeridas por el artículo 1049 del Código Civil que invoca, no tenía, bajo la autoridad de dicho precepto, derecho a obtener la paralización de las operaciones particionales de que se trata.

Veamos si las prescripciones de la Ley de *Injunction* le favorecen. Funda especialmente su solicitud el apelante en el caso sexto de la sección 3 de la ley de 1906 sobre la materia, Comp. 1911, página 293, o sea en que puede concederse un *injunction* "cuando la restricción fuere necesaria para impedir una multiplicidad de procedimientos judiciales."

El demandante interventor ha dirigido su demanda, entre otros, contra la sucesión del doctor Jiménez Cruz. Citados en forma todos los componentes de la misma, la corte adquirirá jurisdicción sobre todos ellos y en este mismo pleito quedarán resueltas todas las cuestiones levantadas. Además, de acuerdo con la ley para asegurar la efectividad de la sentencias, está al alcance del demandante interventor garantizar la que pueda dictarse en este pleito con bienes no adjudicados aun individualmente a los herederos y que aunque después lo fueran continuarían afectos a la indicada responsabilidad.

Bajo las circunstancias que concurren y que dejamos expuestas, no vemos que la corte de distrito abusara de su poder discrecional, y sabido es que la concesión de un *injunction* no es *ex debito justitiae,* sino que descansa en la sana discreción del tribunal, por lo que la resolución que dicte no se revocará en apelación a menos que se demuestre que dicho tribunal abusó de su facultad. Véase el caso de *Escobar v. Gámbaro et al.,* 22 D. P. R. 566 y los en él citados.

Debe declararse no haber lugar al recurso y confirmarse la resolución recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no tomaron parte en la resolución de este caso.