# 98 DTA 185

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE BAYAMON
### PANEL I

MIGUEL PADILLA, PRESIDENTE PUERTO RICO FREIGHT SYSTEM, INC.
Recurrida

v.

CORPORACION DE CREDITO Y DESARROLLO COMERCIAL Y AGRICOLA DE PUERTO RICO Y SU DIRECTOR EJECUTIVO FRANCISCO J. RIVERO
Peticionarios

Núm. KLCE-97-00102

San Juan, Puerto Rico, a 27 de abril de 1998

Panel integrado por su Presidente, el Juez Sánchez Martínez
y los Jueces Broco Oliveras y Urgell Cuebas

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el presente recurso de *certiorari* se cuestiona la resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, que expidió un interdicto provisional de cese y desista contra la peticionaria. En éste ordenó a la parte recurrente que mantuviera el acceso original al edificio arrendado y procediera a remover la verja construida para separar el área de uso común entre el edificio dedicado a Zona Libre de Comercio y el inmueble arrendado a la parte recurrida.

Por entender que el tribunal *a quo* se excedió en su discreción al expedir el interdicto preliminar solicitado expedimos el auto, revocamos la resolución recurrida y ordenamos para trámites ulteriores acordes con la presente sentencia.

### I

En 1993 la Corporación de Crédito y Desarrollo Comercial y Agrícola de Puerto Rico (CCDCA) firmó un contrato de arrendamiento con la Puerto Rico Freight System, Inc. (PRFS), mediante el cual le arrendó un edificio comercial de su propiedad en el Centro Mercantil Internacional localizado en Guaynabo, Puerto Rico. Dentro de este centro hay varios inmuebles que forman parte de una Zona Libre de Comercio y cuyos arrendatarios disfrutan de exención contributiva por la mercancía almacenada. Como resultado de la reglamentación federal que regula este tipo de zonas, la peticionaria venía obligada a separar físicamente el área de zona libre de aquélla que no lo es para impedir la combinación de ambas actividades económicas. El almacén arrendado a la parte peticionaria se encuentra frente a uno dedicado a zona libre.

Cuando se firmó el contrato de arrendamiento ambos almacenes compartían una zona de uso

común localizada entre sus respectivas zonas de carga y descarga, estando éstas localizadas frente a frente en relación con la otra. La parte recurrida hacía uso de dicha área para estacionar los arrastres y camiones así como para que estos vehículos realizaran las maniobras necesarias para allegar la mercancía al almacén. El contrato de arrendamiento establece que la parte arrendataria será responsable de mantener limpia la plataforma de carga y descarga así como el estacionamiento frente al espacio arrendado. Esta es la única referencia hecha en el contrato a la zona de carga y descarga, guardando silencio éste sobre el área reclamada por la recurrida en su escrito ante el tribunal *a quo* y que dio lugar a la expedición del interdicto provisional impugnado.

El 25 de septiembre de 1996 la parte recurrida presentó una demanda que incluía tres causas de acción. En la primera de éstas, reclamó que mediante interdicto preliminar se impidiera a la demandada cambiar el acceso pactado y removiera la verja divisoria construida, en la segunda solicitó el cumplimiento específico del contrato de arrendamiento y en la tercera reclamó daños y perjuicios por las actuaciones de la demandada.

Mediante orden a esos efectos dictada el 25 de septiembre de 1996, el tribunal recurrido emitió una orden de mostrar causa por la cual no se debía expedir el interdicto preliminar hasta que se dicte sentencia final contra la peticionaria. En esa misma fecha el tribunal *a quo* emitió una orden de entredicho provisional en la que prohibió a la demandada-peticionaria: (1) impedir la entrada por el *"acceso originalmente contratado"* ■ y (2) impedir el estacionamiento de camiones de la demandante en el área frente al almacén, entre otras prohibiciones.

Luego se celebraron varias vistas ante el mencionado tribunal, incluyendo una vista ocular el 18 de octubre 1996 a la cual asistió tanto el juez que presidió los procedimientos como los abogados de las partes. El caso quedó sometido el 26 de octubre de 1996 emitiéndose el interdicto preliminar solicitado el 23 de diciembre de ese año. En éste ordenó que se procediera de inmediato a remover la verja construida y que se mantuviera el acceso original en las mismas condiciones que existían al momento de la contratación entre las partes.

Inconforme con dicha resolución acude la peticionaria ante nos y aduce que el tribunal recurrido incidió en error al incluir en las determinaciones de hecho asuntos que no fueron objeto de prueba en las vistas celebradas, en la apreciación de la prueba, al favorecer la posición de la demandante ante la discrepancia entre las voluntades de las partes en el contrato y al conceder la solicitud de interdicto preliminar para lo cual el tribunal *a quo* determinó que las aseveraciones contenidas en la demanda eran suficientes para invocar este remedio.

Este Tribunal, mediante resolución, expidió el auto solicitado y ordenó la paralización de los efectos de la resolución recurrida, llamada sentencia por el tribunal *a quo*, hasta tanto resolviera la controversia planteada. De todas las causas de acción incluidas en la demanda original por la parte demandante, sólo tenemos ante nos lo relacionado con la expedición del interdicto preliminar quedando pendiente de adjudicación por el tribunal recurrido las restantes causas acción.

## II

En el presente recurso habremos de discutir únicamente el último error señalado por la parte peticionaria sobre si procedía expedir el interdicto preliminar solicitado ya que del análisis de este error resulta suficiente para expedir y revocar la resolución recurrida. Por esta razón hemos de examinar la figura del interdicto o *"injunction"* preliminar en nuestra jurisdicción.

La Regla 57 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 57, regula el procedimiento, en general, relacionado con los interdictos en Puerto Rico. El interdicto preliminar se rige por la Regla 57.1, 32 L.P.R.A. Ap. III, R. 57.1. El Tribunal Supremo, interpretando esta regla, ha expresado que el interdicto preliminar es una medida provisional cuyo propósito principal es mantener el *status quo* hasta que se celebre el juicio en sus méritos evitándose así que la conducta del demandado produzca una situación que convierta en académica la sentencia que finalmente se dicte, o que se le ocasionen daños de mayor consideración al peticionario mientras dure el litigio. *Cobos Liccia v. Dejean Packing Co., Inc.*, 124 D.P.R. 896 (1989). Véase, igualmente, Hernández Colón, Rafael. *Derecho Procesal Civil*, 3ra. ed., Michie de Puerto Rico, San Juan, 1997, a la pág. 417.

Así también se ha resuelto en innumerables ocasiones que la concesión de un interdicto descansa en la sana discreción del tribunal, por lo que en apelación su concesión o denegatoria no será revocada en ausencia de abuso de discreción. *Delgado v. Cruz*, 27 D.P.R. 877 (1919). Sólo debe concederse con gran cautela y en aquellos casos claros. *Fajardo Sugar Growers Assoc. v. Kraner*, 45 D.P.R. 348 (1933). No procede la expedición de un interdicto para proteger un derecho que sea dudoso, no reconocido o controvertido. Debe demostrarse que las actuaciones del demandado menoscaban o afectan el derecho que el demandante interesa proteger mediante el interdicto, o que pueden afectarlo o perjudicarlo de una manera substancial. Hernández Colón, Rafael, *supra*.

Por otro lado, también se ha señalado que la función tradicional de este tipo de interdicto es prevenir el daño, por lo que el demandante debe demostrar que en ausencia del remedio el daño es inminente. Cuevas Segarra, José A., *Práctica Procesal Puertorriqueña: Procedimiento Civil,* **Publicaciones J.T.S.,** San Juan, 1989, a la pág. 386.

Los requisitos que la jurisprudencia ha establecido para la determinación de si un tribunal debe expedir o no un interdicto preliminar son los siguientes: (1) la naturaleza de los daños que pueden ocasionársele a las partes de concederse o denegarse el interdicto; (2) su irreparabilidad o la existencia de un remedio adecuado en ley; (3) la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; (4) la probabilidad de que la causa de acción se torne académica de no concederse el interdicto; y, sobre todo, (5) el posible impacto sobre el interés público del remedio que se solicita. *Mun. de Ponce v. Rosselló,* 136 D.P.R. ___ (1994), **94 J.T.S. 112.**

El tribunal recurrido, luego de evaluar la prueba testifical y documental que desfiló ante sí, consideró los hechos particulares del caso a la luz de los criterios mencionados y determinó que procedía el interdicto preliminar contra la parte demandada. Debemos determinar si el tribunal abusó de su discreción al sopesar los intereses en juego y emitir la orden de interdicto preliminar.

Es sumamente importante que comencemos nuestro análisis de los hechos particulares del caso de epígrafe señalando que del contrato de arrendamiento no se desprende que el arrendatario tuviera derecho alguno a reclamar el uso del área en controversia con exclusión de toda otra persona. Si algo quedó meridianamente claro en los procedimientos llevados a cabo ante el tribunal recurrido es que el arrendatario sólo tenía derecho a utilizar exclusivamente el área de carga y descarga del almacén arrendado más no así el área de uso comunitario - localizada entre ambos edificios. De igual manera surge del expediente que la parte recurrente le notificó con anticipación la construcción de la verja divisoria del área en controversia y no fue sino hasta terminada la obra cuando presentó la solicitud de interdicto preliminar que dio lugar al presente recurso.

Examinemos ahora los hechos a la luz de los criterios antes mencionados. El primer criterio es la naturaleza de los daños que pueden ocasionársele a las partes de concederse o denegarse el interdicto. Desde el punto de vista de la demandante, la concesión del interdicto conllevaría impedir el cambio de acceso, remover la verja construida, continuar haciendo uso del área en controversia a la cual no tiene derecho e impedir que la demandada prosiga con su proyecto de desarrollar una zona de libre comercio en los predios del complejo de almacenes de su propiedad. Para la demandada la concesión del remedio conllevaría asumir una pérdida económica significativa al tener que remover la verja, la posibilidad de que se le cancele la licencia para operar una zona de libre comercio y el que se le reconozca indirectamente al arrendatario un derecho sobre el área en controversia que no fue contemplada por las partes en el contrato de arrendamiento, entre otros efectos.

El segundo criterio es la irreparabilidad o la existencia de un remedio adecuado en ley. La demandante no demostró cómo se vieron afectadas sus operaciones. Más aún, no presentó la solicitud de interdicto preliminar hasta después de terminadas las obras de construcción de la verja. Este Tribunal examinó el vídeo estipulado por las partes y admitido por el tribunal recurrido como Exhibit 4 en la Minuta de la vista llevada a cabo el 16 de octubre de 1996. Si algo puede observarse en el mismo es que las operaciones en las facilidades de la demandante transcurrían de manera normal y sin mayores dificultades para los transportistas. No es este el caso donde los actos de la demandada priven a la arrendataria de todo uso del inmueble o afecten sus operaciones significativamente. Tampoco se le privó de acceso al almacén ni de seguridad para su mercancía.

El tercer criterio versa sobre la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo. Como señaláramos anteriormente, los tribunales de primera instancia no deben expedir estos remedios discrecionales para amparar derechos dudosos, no reconocidos o controvertidos. En el caso de marras, aun cuando el tribunal recurrido entendió que la parte demandante tenía *"grandes posibilidades de prevalecer en el caso"*, pasó por alto el derecho bajo el cual amparaba la solicitud. Habiendo examinado el contrato de arrendamiento minuciosamente, no hemos encontrado cláusula alguna que tienda siquiera a favorecer la contención de la demandante a los efectos de poder reclamar, como parte del contrato, el uso exclusivo del área en controversia.

La mera tolerancia de la arrendadora sobre los actos de la arrendataria de estacionar arrastres en dicha área, no puede utilizarse como fundamento para reclamar un derecho. Máxime si tomamos en cuenta que la arrendataria es una corporación que se dedica a este tipo de negocio y que presumiblemente conoce las reglas en cuanto al uso y disfrute de la propiedad comunitaria en estos grandes centros de almacenaje, típicos de esta industria.

El cuarto criterio trata sobre la probabilidad de que la causa se torne académica de no concederse el interdicto. La solicitud de interdicto se presentó una vez finalizadas las obras de construcción de la verja bajo la alegación de que esa misma tarde, 25 de septiembre de 1996, la demandada se proponía impedir la entrada a la demandante por el lugar originalmente acordado al construir una verja que cierra dicho acceso. Este Tribunal no alberga duda alguna que del propio expediente se desprende que a la fecha de radicación de la solicitud de interdicto la verja ya había sido terminada habiéndose dividido consecuentemente el espacio comunal localizado frente a ambos almacenes, el de la demandante y el dedicado a zona libre. Siendo esto así, el tribunal *a quo* se excedió en su discreción al expedir el remedio provisional solicitado cuando gran parte de los hechos alegados habían ocurrido. Por lo tanto, el *status quo* que busca proteger el interdicto preliminar ya era academico porque la verja había sido finalizada. En otras palabras, el daño, si alguno, había ocurrido.

Por último, el quinto criterio nos lleva a ponderar el impacto sobre el interés público del remedio que se solicita. Las partes en el presente recurso son: una entidad privada, quien es arrendataria de un almacén propiedad de la demandada, frente a una corporación pública íntimamente relacionada con la política pública de desarrollo comercial. Las consecuencias para dicha corporación pública al expedirse el interdicto van desde el impacto económico directo al tener que destruir lo ya construido hasta la posibilidad de perder la licencia para operar una zona de libre comercio por no cumplir con los estatutos federales que regulan esta actividad económica, lo que restaría competitividad a Puerto Rico frente a otras jurisdicciones.

A la luz de los hechos y del derecho antes expresado resulta forzoso concluir que el Tribunal de Primera Instancia se excedió en su discreción al expedir el interdicto preliminar solicitado en una situación donde el mismo resultaba académico, no protegía el *status quo* y, más aún, su impacto negativo sobre el interés público era muy superior al posible beneficio que podía derivar la parte demandante.

### III

Por los fundamentos antes expresados, expedimos el auto discrecional solicitado, se revoca la resolución recurrida y se devuelve el caso para procedimientos ulteriores acordes con la presente sentencia.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 98 DTA 185**

1. Asunto que no se desprende del contrato de arrendamiento que obra en autos.