Opinión de conformidad emitida por el
Juez Presidente Se-ñor Hernández Denton,
a la cual se unen los Jueces Aso-ciados Señores Fuster Berlingeri y Rivera Pérez.
Estamos conformes de que procede confirmar la senten-cia recurrida del Tribunal de Apelaciones. Sin embargo, consideramos necesario expresarnos de forma particular para hacer constar claramente nuestra posición al respecto. Entendemos que el foro de instancia incidió al expedir la orden de injunction preliminar, sin requerir el pago de la fianza correspondiente conforme a la Regla 57.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Por otro lado, consideramos que —aun si procediera eximir la prestación de fianza previa al amparo de una de las excepciones enu-meradas en la Regla 56.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III— el foro de instancia abusó de su discre-ción al conceder un remedio provisional que afectaría el derecho propietario de los demandados sin celebrar una vista plenamente evidenciaría conforme al debido proceso de ley.
I
La Asociación de Fomento Educativo (AFE) es dueña desde 1983 de un solar ubicado en la Urbanización Villa Caparra Sur, el cual está sujeto a ciertas condiciones restric-tivas sobre edificación y uso. Esta servidumbre en equidad fue constituida mediante rma escritura pública inscrita en *560 el Registro de la Propiedad. En el 2005, la AFE demolió la estructura existente en dicho solar para realizar la cons-trucción de una nueva edificación. Esta obra se inició con el correspondiente permiso de construcción expedido por la Oficina de Permisos Urbanísticos del Municipio de Guaynabo.
Ante esa situación, la Asociación de Vecinos de Villa Ca-parra Sur (la Asociación de Vecinos) presentó una de-manda alegando varias violaciones a las condiciones res-trictivas mencionadas y solicitando que se emitiera un injunction preliminar y permanente para paralizar la construcción. En respuesta a la solicitud, el tribunal de instancia fijó una vista argumentativa en la cual las partes tuvieron la oportunidad de exponer sus argumentos y pre-sentar cierta prueba documental. No obstante, el foro de instancia no permitió que se presentara evidencia testifical, a pesar de que hubo varios ofrecimientos a tales efectos.
Posteriormente, el foro de instancia emitió la orden de injunction preliminar y eximió a la Asociación de Vecinos del pago de la correspondiente fianza. En vista de ello, or-denó la paralización inmediata de la obra de construcción en controversia. Inconforme con dicho dictamen, la AFE impugnó la determinación alegando que la orden de para-lización de la obra se emitió en violación al debido proceso de ley y que no se cumplieron con los requisitos para la concesión de un injunction preliminar.
El Tribunal de Apelaciones revocó la determinación del tribunal de instancia por entender que procedía celebrar una vista evidenciaría en la que las partes pudieran pre-sentar evidencia documental y testifical. A pesar de que el foro recurrido llegó a esta conclusión sin considerar si pro-cedía eximir a los demandantes de la prestación de la fianza correspondiente, estamos conformes con el resultado. No obstante lo anterior, entendemos pertinente atender de forma particular este asunto medular para que conste claramente nuestra posición al respecto.
*561 HH I — I
A. Al examinar el caso de autos, partimos de la pre-misa de que, como norma general, la concesión de un injunction preliminar depende de que el promovente preste fianza previa. A esos efectos, las Reglas de Procedimiento Civil disponen que “[n]o se dictará ninguna orden de entre-dicho ni de ‘injunction’ preliminar excepto mediante la prestación de una fianza por el solicitante, por la cantidad que el tribunal considere justa, para el pago de las costas y daños en que pueda incurrir o que haya sufrido cualquier parte que haya resultado indebidamente puesta en entre-dicho o restringida”. (Énfasis suplido.) Regla 57.3 de Pro-cedimiento Civil, supra. La fianza que se exige como requi-sito para dictar una orden de injunction preliminar o entredicho provisional cubre sólo las costas y los daños en que se incurre que son consecuencia de ésta. Marbarak v. Tribunal Superior, 93 D.P.R. 474 (1966); Avalo v. Cacho, hoy su Sucesión, 73 D.P.R. 286, 292 (1952).
Dicha norma —establecida en la Regla 57.3 de Procedi-miento Civil, supra— aplica de manera específica al “injunction” preliminar y a la orden de entredicho provisional. Según lo dispuesto por esta regla, el tribunal tiene discre-ción para fijar la cuantía de la fianza correspondiente, a base de los daños que pueda sufrir y las costas en que pueda incurrir el promovido durante la vigencia del injunction preliminar o el entredicho provisional solicitado. El propósito de la referida regla es proveerle al demandante un remedio provisional inmediato mientras se protege al demandado en caso de que eventualmente se determine que dicha parte fue indebidamente restringida o puesta en entredicho. En atención a ello, es necesario que el tribunal establezca previamente un balance adecuado entre las po-sibilidades de triunfo del demandante y las probabilidades de que el remedio resulte improcedente o se causen daños que no puedan recobrarse.
*562 La prestación de fianza previa en estos casos es precisa, pues existe mayor probabilidad de que el foro de instancia se equivoque al expedir un remedio provisional para tales efectos sin antes profundizar sobre los méritos de la con-troversia tras la celebración de un juicio en su fondo. Por lo tanto, la imposición de una fianza previa al conceder un remedio extraordinario al amparo de la Regla 57.3 de Pro-cedimiento Civil, supra, constituye un requisito esencial que no debe ceder ante ningún supuesto, salvo circunstan-cias extraordinarias en donde requerir tal prestación con-llevaría un fracaso de la justicia. Véase J.A. Cuevas Sega-rra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. 2, págs. 1062-1063.
Las disposiciones de la referida regla son análogas a la Regla 65(c) de Procedimiento Civil Federal, la cual ex-presa:
No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. (Enfasis suplido.) Fed. Rules Civ. Proc. rule 65(c), 28 U.S.C.A.
Al interpretar esta regla, los tribunales han afirmado que el no imponer una fianza previa constituye un error reversible que invalida la orden de injunction preliminar originalmente emitida por el foro de instancia. Véase District 17, UMWA v. A & M Trucking, 991 F.2d 108 (4to Cir. 1993); Frank’s GMC Truck Center, Inc. v. G.M.C., 847 F.2d 100 (3er Cir. 1988). Véase, además, Wright, Miller & Kane, Federal Practice and Procedure 2d Sec. 2954, pág. 288 (2007).
De hecho, la mayoría de los circuitos federales recono-cen que la fianza previa a la concesión de un injunction preliminar es obligatoria y que el lenguaje de la referida disposición, en general, no admite excepción alguna. Los foros de instancia sólo tienen discreción para fijar la cuan- *563 tía de dicha fianza y para reducirla a una cuantía nominal en supuestos excepcionales. Otros circuitos han interpre-tado esta regla para limitar la exención del requisito de prestar fianza previa a demandas de injunction preliminar que conlleven un interés público apremiante —como lo se-ría una causa de acción para vindicar derechos civiles o ambientales— y en casos de litigantes insolventes. Véanse: Gateway Eastern Ry. Co. v. Terminal R.R. St. Louis, 35 F.3d 1134, 1141 (7mo Cir. 1994); District 17, UMWA v. A & M Trucking, supra; Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 209-211 (3er Cir. 1990); Phillips v. Chas. Schreiner Bank, 894 F.2d 127, 130-131 (5to Cir. 1990). Véanse, además: Wright, Miller & Kane, supra, págs. 287-307; E. Connors Morton, Security for Interlocutory Injunctions under Rule 65(C): Exceptions to the Rule Gone Awry, 46 (Núm. 6) HSTLJ 1863 (1995); Nota, Recovery for Wrongful Interlocutory Injunctions under Rule 65(c), 99 (Núm. 4) Harv. L. Rev. 828 (1986). Resulta forzoso concluir que, salvo casos excepcionales, una vez se expide un injunction al amparo de esta regla, sus términos obli-gatorios exigen al tribunal la imposición de la fianza correspondiente.
B. En contravención a dicha normativa, el foro de ins-tancia emitió un injunction preliminar —ordenando la pa-ralización de la obra de construcción en controversia— sin requerir a la Asociación de Vecinos la prestación de la fianza correspondiente. Para ello, el tribunal de instancia se amparó erróneamente en las excepciones establecidas por la Regla 56.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta aplica en el contexto de los remedios provisionales con motivo del aseguramiento y establece como norma general la obligación de prestar fianza. Sin embargo, permite —a manera de excepción— que se conceda un remedio provisional sin la prestación de fianza en ciertos casos, a saber, cuando la obligación es legalmente exigible según conste en documentos públicos o privados firmados ante *564 una persona autorizada para administrar juramento, en caso de un litigante indigente y cuando se gestiona el re-medio después de dictada la sentencia.
La Regla 56 de Procedimiento Civil, 32 L.P.R.A. Ap. III, faculta a los tribunales a conceder remedios provisionales tales como el embargo, la prohibición de enajenar, emitir órdenes para hacer o desistir de hacer cualquier acto espe-cífico, o para ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. Es en esta regla que se enumeran las excepciones que permiten exi-mir al promovente de prestar fianza antes de que el tribunal dicte cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia.
No obstante, dichas excepciones no deben aplicarse au-tomáticamente a los supuestos de injunction preliminar o entredicho provisional pues, como ya señalamos, las pro-pias Reglas de Procedimiento Civil atienden estos reme-dios de manera particular y no parecen admitir excepción alguna. Este Tribunal ha esbozado que, en nuestro ordena-miento jurídico, el procedimiento de injunction se rige principalmente por la Regla 57 de Procedimiento Civil, 32 L.P.R.A. Ap. III. García v. World Wide Entmt. Co., 132 D.P.R. 378 (1992). También hemos expresado que “[1]as de-más reglas s[ó]lo aplican [al injunction] de modo supletorio siempre y cuando no desvirtúen el carácter sumario del recurso”. Corujo Collazo v. Viera Martínez, 111 D.P.R. 552, 556 (1981). Ciertamente, el requisito de la fianza corres-pondiente forma parte integral de la naturaleza sumaria del injunction. Por lo tanto, constituye un error aplicar cualquier otra regla de manera supletoria en el caso de autos, pues dicha acción desvirtúa la regulación específica de la fianza previa instituida por la Regla 57.3 de Procedi-miento Civil, supra.
A tales efectos, Rafael Hernández Colón comenta en su obra Práctica jurídica de Puerto Rico: derecho procesal civil, que la Regla 57.3 de Procedimiento Civil, supra, no *565 trata al injunction preliminar como una medida de asegu-ramiento de sentencia, por lo que “exige que cuando se solicita una orden o injunction preliminar, el solicitante tiene que prestar fianza para garantizar los daños y per-juicios que pueda causar .... Esta Regla establece un proce-dimiento especial para ejecutar la fianza y no está sujeta a las excepciones de la R. 56.3, 1979 [respecto a los remedios provisionales]”. (Enfasis suplido.) R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 4ta ed., San Juan, Michie de Puerto Rico, 2007, See. 1504, págs. 159-160.
Del mismo modo, David Rivé Rivera discute los requisi-tos para dictar la orden de injunction y reconoce que la letra de la Regla 57.3 de Procedimiento Civil, supra, parece exigir siempre la prestación de fianza previa. D. Rivé Rivera, Recursos Extraordinarios, [San Juan], Prog. Educ. Cont. Facultad de Derecho U.I.P.R., 1989, pág. 33. De he-cho, Rivé Rivera propone que consideremos los casos de litigantes indigentes como la única excepción al requisito de la prestación de fianza para la concesión de un injunction preliminar, al plantear lo siguiente:
... la política pública expresada en nuestras reglas de procedi-miento civil apoya la posibilidad DE que se conceda el remedio provisional de Injunction sin la prestación de fianza en casos de litigantes insolventes, cuando a juicio del tribunal aduzcan en su demanda hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo fuere evidente o pu-diera demostrarse, y hubiere motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional, la sentencia que pudiere obtenerse resultaría académica. D. Rivé Rivera, op. cit., pág. 34.
Incluso si incorporáramos dicha formulación normativa, o si adoptáramos cualquiera de las excepciones jurispru-denciales discutidas en relación con la Regla 65(c) de Pro-cedimiento Civil Federal, supra, el requisito de la fianza correspondiente aún sería imperativo en las circunstancias ante nuestra consideración. El caso de autos no involucra a *566 litigantes indigentes, ni mucho menos se trata de un su-puesto excepcional donde los derechos civiles y constitucio-nales del demandante se encuentren bajo amenaza por la actuación del promovido. Por lo tanto, el foro de instancia abusó de su discreción al conceder un injunction que orde-naba la paralización de la construcción sin requerir la prestación de fianza previa.
En discrepancia con nuestro criterio, la compañera Juez Asociada Señora Rodríguez Rodríguez señala que “en au-sencia de una justificación adecuada sobre la alegada inaplicabilidad de [la Regla 56 de Procedimiento Civil] y sobre la supuesta necesidad de que la concesión de un injunction preliminar se rija por la Regla 57 de Procedi-miento Civil”, el foro de instancia actuó correctamente al otorgar el injunction preliminar al amparo de la Regla 56. Opinión disidente de la Juez Asociada Señora Rodríguez Rodríguez, pág. 597. Esta posición ignora los rasgos y el funcionamiento de la figura del injunction en nuestro sis-tema de derecho, así como su desarrollo histórico. Hace casi medio siglo, la Asamblea Legislativa enmendó, a ini-ciativa nuestra, las Reglas de Procedimiento Civil de Puerto Rico. Véanse las derogadas Reglas de Procedi-miento Civil de 1958 (32 L.P.R.A. Ap. II). Con dichas en-miendas, pretendimos atender la dicotomía entre la ley y la equidad catalizada por el cambio de soberanía política y la coexistencia de dos sistemas jurídicos con normas proce-sales disímiles y divergentes.
En atención a lo anterior, el legislador le confirió a los tribunales dos mecanismos paralelos e independientes para implantar su facultad de conceder remedios provisionales. En primer lugar, las disposiciones estrictas de la Regla 57 le aplican a todo litigante que solicita un “injunction” como remedio principal, las cuales siempre exi-gen la prestación de fianza para su concesión y cuyas órde-nes ex parte tienen un término de vigencia máxima de veinte días. Por otro lado, si lo que el demandante solicita es una “orden de no hacer” como remedio subsidiario, o *567 cualquier otro remedio provisional en aseguramiento de sentencia de acuerdo con la Regla 56, ésta puede acogerse a los requisitos más flexibles contenidos en esta última re-gla, la cual permite emitir dichas órdenes sin fianza y sin límites de tiempo. Véase D. Rivé Rivera, op. cit, págs. 1-14.
Es decir, si la solicitud del remedio se plantea en una demanda cuyo objeto principal es el injunction mismo, rige la Regla 57 de forma expresa y específica. A su vez, si se solicita una orden de hacer o no hacer como remedio suple-torio para asegurar la sentencia, en el contexto de un pleito cuyo objeto principal no es la concesión de un injunction, se pueden aplicar las disposiciones más flexibles de la Regla 56. Hernández Colón, op. cit, See. 5704, pág. 464. Por lo tanto, la concesión del remedio provisional correspondiente depende del objetivo principal de la demanda, que a su vez tiene que ceñirse a la regla procesal aplicable. De lo con-trario, se dejaría al arbitrio del juzgador la aplicación de cualquiera de las dos reglas, a pesar de que el legislador expresamente vislumbró una clara distinción entre ambas normativas procesales.
En el caso de autos, la Asociación de Vecinos solicitó en todo momento un injunction preliminar, que en su día fue otorgado por el foro de instancia. El objeto principal de la demanda ante nuestra consideración es, precisamente, la expedición de un injunction para paralizar la construcción y ordenar la demolición de la estructura en controversia. Por lo tanto, resulta necesario concluir que el tribunal de instancia abusó de su discreción al conceder dicho remedio al amparo de la Regla 56 de Procedimiento Civil, supra, obviando por completo las disposiciones comprendidas en la Regla 57 que atienden específicamente las circunstan-cias de este caso. No se trata, como arguye la compañera Juez Asociada Señora Rodríguez Rodríguez en su opinión disidente, de eviscerar de contenido la Regla 56, sino de limitar su alcance a los remedios provisionales en asegura- *568 miento de la sentencia, conforme a la intención legislativa de nuestras reglas procesales vigentes.
C. Ahora bien, aun cuando entendemos que la Regla 56.3 de Procedimiento Civil, supra, no aplica a este caso, lo cierto es que las circunstancias bajo nuestra consideración tampoco satisfacen ninguna de las excepciones enumera-das en ésta para relevar al demandante de su obligación de prestar fianza. No estamos ante un supuesto de una obli-gación legalmente exigible que surja de un documento fehaciente. Más bien, lo que resulta claro en este caso es la existencia de la servidumbre; pero no así la existencia, en esta etapa procesal, de algún incumplimiento o violación de ésta. Por lo tanto, no se puede hablar en esta etapa de una obligación legalmente exigible.
De hecho, en Marty v. Ramírez, 73 D.P.R. 165, 170 (1952), este Tribunal expresó que “ ‘para que pueda decre-tarse un embargo sin fianza para aseguramiento de la efec-tividad de la sentencia, es necesario que aparezca clara-mente del documento auténtico que la obligación es exigible, lo que quiere decir, no sólo que los documentos en que se basa la petición sean auténticos, sino también, que fácilmente, sin gran dificultad, pueda el juez venir en co-nocimiento de que realmente la obligación existe y puede reclamarse’ ”. (Énfasis en el original suprimido y énfasis suplido.) En ese caso, la controversia giraba en torno a una deuda que el demandado había reconocido en un docu-mento firmado ante un notario. A pesar de ello, decidimos que éste no era un caso donde el juez podía saber que real-mente la obligación existía y que podía reclamarse según los mismos términos indicados en el documento.(1)
*569 Más aún, si trasladamos esa norma a los casos de injunction para hacer valer una servidumbre en equidad, sólo podríamos eximir a la parte promovente de la obliga-ción de prestar fianza previa si surge de los hechos que no hay duda alguna de que el demandado violó la restricción invocada por el demandante. En tal caso, se requeriría prueba sobre la violación de las condiciones restrictivas para que pueda considerarse como una obligación legal-mente exigible de acuerdo con la excepción establecida en la Regla 56.3 de Procedimiento Civil, supra.
Es decir, la mera inscripción no hace la obligación legal-mente exigible para fines de la mencionada excepción. Para que se invoque la referida excepción no basta, como parecen sugerir las opiniones disidentes, que se presenten documentos públicos auténticos que acrediten la existencia de la servidumbre en equidad. Más bien, para que aplique la Regla 56.3 —y se exima al promovente de prestar fian-za— no sólo debe ser clara y patente la existencia de la restricción, sino también la violación de ésta. Y es que no puede ser de otra manera, ya que lo contrario implicaría la posibilidad de paralizar una obra sin prestación de fianza con sólo mostrar evidencia de que hay una servidumbre en equidad debidamente inscrita, y con meramente alegar una violación a ésta.
En el caso ante nuestra consideración, la servidumbre en equidad que limita el uso de la vivienda a un uso familiar tiene un lenguaje ambiguo que requiere un ejercicio interpretativo basado en la intención de las partes. Una vez se aclare el alcance de dicha condición restrictiva, será necesario determinar si la parte demandada está violándola. Esta es, precisamente, la controversia medular de este caso, la cual será adjudicada en su día. Por ende, no puede hacerse una determinación a los efectos de que el demandado está violando la restricción en esta etapa pre-liminar de los procedimientos.
*570 Por otro lado, la distinción que intenta hacer la opinión disidente de la Juez Asociada Rodríguez Rodríguez entre el presente caso y la situación que enfrentamos en Marty v. Ramírez, supra, ignora que mientras no exista certeza in-terpretativa sobre el alcance de la servidumbre, las certifi-caciones en autos no constituyen una obligación legal-mente exigible que se le pueda oponer a la AFE en esta etapa de los procedimientos. Por lo tanto, la evidencia que obra en autos sobre la referida servidumbre no constituye, como aduce la opinión disidente, “prueba fehaciente y au-téntica sobre la existencia de una obligación legal que puede reclamarse por la Asociación de Vecinos ...”. Opinión disidente de la Juez Asociada Señora Rodríguez Rodríguez, pág. 599. Para conceder el injunction preliminar sin la prestación de una fianza previa bajo la referida excepción, era imprescindible que la Asociación de Vecinos demos-trara fehacientemente la existencia de la violación a la restricción. Para paralizar una obra de construcción sin requerir fianza alguna, no puede ser suficiente probar la existencia de la servidumbre y presentar alegaciones sobre la probabilidad de que, dependiendo del margen interpre-tativo del juzgador, se cometió una violación.
A la luz de ello, entendemos que erró el foro de instancia al no requerir a la Asociación de Vecinos la prestación de la fianza correspondiente cuando dictó la orden de injunction preliminar, apoyando escuetamente su determinación en el hecho de que, de las escrituras públicas y las certificacio-nes regístrales del caso de autos, surge que el solar en controversia es un predio sujeto a las condiciones restricti-vas invocadas por los demandantes. Como ya indicamos, para que aplique la referida norma y se releve al promo-vente del requisito de fianza previa, no basta con que se pruebe la existencia de la servidumbre en equidad, sino que el demandante debe demostrar a cabalidad la violación clara y patente de la restricción invocada. En vista de lo anterior —y aun si se entendiera aplicable la referida re- *571 gla— opinamos que en este caso no podía concederse el injunction preliminar sin que se prestara previamente la correspondiente fianza. Por lo tanto, dicha orden no debe sostenerse.(2)
III
A. No obstante lo anterior, nos corresponde examinar —en la alternativa— si procedía el injunction solicitado en esta etapa de los procedimientos. Sabido es que el injunction es un mandamiento judicial que, ya sea en su carácter reparador o preventivo, prohíbe o compele a una persona la realización de determinada conducta que infringe o perju-dica los derechos de otra. Art. 675 del Código de Enjuicia-miento Civil, 32 L.P.R.A. sec. 3521; E.L.A. v. Asoc. de Auditores, 147 D.P.R. 669 (1999). Se trata de un remedio judicial que entraña la presencia de la urgencia, ya que está dirigido a evitar un daño inminente. Peña v. Federación de Esgrima de P.R., 108 D.P.R. 147 (1978); Ortega Cabrera v. Tribunal Superior, 101 D.P.R. 612 (1973).
En particular, el injunction preliminar es una medida provisional que tiene el propósito fundamental de mante-ner el statu quo hasta que se celebre el juicio en sus méritos. Mun. de Ponce v. Gobernador, 136 D.P.R. 776 (1994). De esa forma, la orden de injunction preliminar evita que la conducta del demandado produzca una situa-ción que convierta en académica la sentencia que final-mente se dicte o que se le ocasionen daños de mayor con-sideración al peticionario mientras perdura el litigio. Cobos Liccia v. DeJean Packing Co., Inc., 124 D.P.R. 896 (1989).
*572 El injunction preliminar se puede emitir en cualquier momento del pleito, antes del juicio en su fondo, y común-mente se solicita junto con la presentación del pleito en casos de urgencia. Esto requiere que el tribunal paute prontamente un señalamiento de vista para discutir los méritos de la moción y para que las partes tengan la opor-tunidad de presentar prueba en apoyo de su posición. Mun. de Ponce v. Gobernador, supra; Rivé Rivera, op. cit., pág. 21; D. Rivé Rivera, El Injunction en Puerto Rico, 53 (Núms. 2-3) Rev. Jur. U.P.R. 341 (1984).
Al momento de dictar un injunction preliminar el tribunal debe analizar, entre otras cosas, lo siguiente: (1) la na-turaleza de los daños que pueden causársele a la parte contra la cual se solicita el recurso; (2) la naturaleza de los daños que puede sufrir la parte promovente de denegarse el recurso; (3) la irreparabilidad de los daños; (4) la exis-tencia de un remedio adecuado en ley; (5) la probabilidad de que el promovente prevalezca eventualmente al resol-verse el litigio; (6) si existe la probabilidad de que la causa se tome académica de no concederse el injunction, y (7) el impacto sobre el interés público de concederse o denegarse el recurso. 32 L.P.R.A. sec. 3523; Mun. de Ponce v. Gobernador, supra; García v. World Wide Entmt. Co., supra. El peso de probar la procedencia del injunction recae sobre la parte promovente. Systema de P.R., Inc. v. Interface Int'l, 123 D.P.R. 379 (1989).
Dada su naturaleza extraordinaria y sumaria, hemos señalado que la utilización de este mecanismo requiere que el tribunal ejerza su discreción judicial con celo y buen juicio. Asimismo, hemos indicado que el injunction debe concederse en aquellos casos de clara necesidad y sola-mente ante una demostración de indudable e intensa vio-lación de un derecho. A.P.P.R. v. Tribunal Superior, 103 D.P.R. 903 (1975). También hemos expresado que la deci-sión del tribunal de instancia para conceder o denegar la orden de injunction no será revocada en apelación a menos *573 que se demuestre que dicho foro abusó de su facultad discrecional. E.L.A. v. Asoc. de Auditores, supra; Delgado v. Cruz et al., 27 D.P.R. 877 (1919). A pesar de que se trata de una decisión de tipo discrecional, los tribunales no pode-mos tomar a la ligera su concesión, sobre todo cuando la expedición del remedio implica una intervención con el de-recho propietario del promovido.
B. En el caso de autos, la Asociación de Vecinos adujo que la edificación que estaba construyendo AFE violaba las servidumbres en equidad de Villa Caparra Sur. En particular, hizo referencia a las cláusulas que establecen las restricciones que gravan el solar de AFE. Una de ellas dice de la manera siguiente:
En cada uno de los solares que se deslinden, segreguen y vendan no podrá construirse más de una casa residencia, de una sola vivienda, el costo de la cual no podrá ser menor de Tres Mil Dólares; podrán sin embargo construirse edificacio-nes independientes para alojamiento de servidumbre, chau-ffer, etc., así como también para almacenaje de automóviles privados. (Énfasis suplido.) Apéndice de la Petición de certio-rari, Ira pieza, págs. 230-231.
El solar objeto de este recurso está sujeto, además, a otra restricción que dispone, en lo pertinente, que “no po-drá construirse nada más que una casa destinada a resi-dencia para una sola familia”. (Enfasis suplido.) Dicha cláusula reitera el uso residencial del solar y, además, li-mita el destino de la residencia a “una sola familia”.
Amparándose en ello, la Asociación de Vecinos adujo que la construcción no era una residencia para una sola familia, sino una edificación de carácter institucional des-tinada a personas que no constituyen una familia. En vista de lo anterior, solicitó que se emitiera un injunction preli-minar para prohibir la construcción.
Por su parte, la AFE alegó que, durante los últimos die-ciocho años, en la residencia objeto de reconstrucción ha vivido un grupo de entre seis y ocho mujeres, las cuales son *574 afiliadas a una misma orden religiosa y que, por ende, constituyen una sola familia en conformidad con las res-tricciones mencionadas. En la alternativa, sostuvieron que —de haber alguna violación— aplicaban las defensas de incuria y de extinción de la servidumbre por cambios en el vecindario.
De lo anterior surge que la controversia medular de este caso gira en torno al alcance y significado del término “fa-milia” y de lo que debe entenderse por “residencia para una sola familia”. La parte demandante propone una interpre-tación restrictiva del concepto “familia” y, a esos fines, sos-tiene que se requieren ciertos vínculos de consanguinidad o lazos legales. Por su parte, AFE aboga por una interpreta-ción amplia que incluye una organización doméstica co-mún conforme a las definiciones contenidas en el Regla-mento de Ordenamiento Territorial del Municipio y en el Uniform Building Code. Así, al amparo de sus respectivos argumentos, las partes ofrecen una interpretación particular del concepto “familia” que lleva a un resultado diame-tralmente opuesto con respecto a la alegada violación de la servidumbre en equidad.
Para atender esta controversia, es imperativo hacer un análisis con el propósito de determinar la voluntad real de las partes al momento de establecer las restricciones sobre los predios gravados por la servidumbre. Véase Residentes Parkville v. Díaz, 159 D.P.R. 374 (2003). En este caso, la escritura que contiene las restricciones no ofrece suficien-tes herramientas, ya que no define los conceptos en controversia. Si recurrimos a otras fuentes para aclarar el alcance de las cláusulas en cuestión, notamos que tanto el Reglamento de Ordenamiento Territorial del Municipio como el Uniform Building Code proporcionan una defini-ción amplia en lo que respecta a la “organización doméstica común”.
De la misma forma, si examinamos el significado del término “familia” en la vigésima segunda edición del Die- *575 cionario de la Real Academia Española, encontramos, en-tre otras acepciones, que puede referirse a un “[c]onjunto de personas que tienen alguna condición, opinión o tenden-cia común” y a un “[c]uerpo de una orden o religión, o parte considerable de ella”. Real Academia Española, Diccionario de la Lengua Española, 22da ed., Madrid, Ed. Espasa Calpe, 2001, T. 1, pág. 1037. Por otro lado, aun cuando se considerara aplicable un significado restrictivo, no podría ignorarse el hecho de que este caso no se trata de una nueva edificación, sino de la reconstrucción de una ya exis-tente, en la cual se proyecta la convivencia de un grupo de personas que se mantuvieron ocupando la residencia por más de veinte años. Por ende, correspondería determinar si la defensa de incuria alegada por la AFE impide el injunction solicitado.
En fin, resulta evidente que estamos ante una servi-dumbre en equidad que requiere cierto ejercicio interpre-tativo por parte del juzgador de los hechos para poder de-terminar su significado y alcance. Un análisis desapa-sionado demuestra que las interpretaciones propuestas por las partes y sus posibilidades de prevalecer podrían ser igualmente viables. Ello, a su vez, pone de manifiesto el carácter genuino de la controversia así como la necesidad de que se celebre un juicio plenario. Dicho resultado se impone más aún si tomamos en cuenta que el foro de ins-tancia basó su determinación de conceder el injunction en el carácter atípico de la estructura, lo cual hubiera preci-sado prueba sobre al menos una muestra de las demás residencias y sobre la defensa de extinción alegada por la AFE.
Claramente, en este caso el foro de instancia abusó de su discreción al no permitir que las partes presentaran prueba testifical. Aunque textualmente las normas sobre la celebración de la vista de injunction no exigen que se presente evidencia testifical, las circunstancias dudosas de este caso sí lo requerían. No podemos pasar por alto que en *576 este caso el efecto de la concesión del injunction preliminar afectaría el derecho propietario de los demandados, pri-vándolos del disfrute de su propiedad sin una determina-ción en los méritos y por un tiempo indeterminado. A su vez, debemos tener en cuenta que la AFE presentó como defensa la incuria de la Asociación de Vecinos, alegando hechos constitutivos de ese tipo de defensa. No obstante, dada la ausencia de una vista plenamente evidenciaría, la AFE no pudo presentar prueba a tales efectos, por lo que se le violó el debido proceso de ley.
En vista de todo lo anterior, entendemos que no puede sostenerse la orden de injunction preliminar dictada por el tribunal de instancia. En derecho lo que procede es revocar dicho dictamen sin mayor dilación para que el tribunal de instancia pueda dilucidar las controversias medulares en-tre las partes lo antes posible. Por ende, procede confirmar la sentencia recurrida del Tribunal de Apelaciones.

 Cabe señalar que anteriormente también hemos considerado, como docu-mento fehaciente, una sentencia condenatoria por tentativa de asesinato para probar un caso sobre daños y perjuicios sufridos por el proponente como consecuencia del acto criminal del demandado. Feliciano Figueroa v. Toste Piñero, 134 D.P.R. 909 (1993). Ello sugiere que para eximir de la prestación de la fianza bajo el supuesto indicado, debe tratarse de casos en los cuales —de manera objetiva y sin lugar a dudas— se demuestre que la parte promovente tenía una causa de acción en contra de la parte demandada.

 El caso de autos tampoco trata de un supuesto de litigantes indigentes ni se ha reclamado el remedio luego de recaída la sentencia. Por lo tanto, no se configuran ninguna de las excepciones enumeradas en la Regla 56.3 deProcedimiento Civil, 32 L.P.R.A. Ap. III.