ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| BAYOÁN MUÑIZ CALDERÓN<br><br>Apelante<br><br>v.<br><br>SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, PSC<br><br>Apelada | KLAN202400332 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV02379<br><br>Sobre: Sentencia Declaratoria; Injunction; Orden de Entredicho Provisional |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2024.

Comparece Bayoán Muñiz Calderón (en adelante, apelante y/o señor Muñiz Calderón) mediante un recurso de *Apelación* para solicitarnos la revisión de la *Sentencia Parcial* emitida y notificada el 13 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI).[1] Mediante el dictamen apelado, el foro primario desestimó las causas de acción interdictales y en cuanto al resto de las acciones presentadas, ordenó la transferencia de estas a la sala civil ordinaria correspondiente.

Por los fundamentos que expondremos, se *confirma* la *Sentencia Parcial* apelada.

**I**

El 11 de marzo de 2024, el apelante presentó una *Demanda* sobre sentencia declaratoria, *injunction* y orden de entredicho

---

[1] Apéndice del recurso, a las págs. 21-27.

Número Identificador

SEN2024_____

provisional,[2] presentada nuevamente al día siguiente,[3] a raíz de una *Orden* emitida por el foro primario.[4] Dicha *Demanda* fue instada contra la corporación doméstica con fines de lucro Saldaña, Carvajal & Vélez-Rivé, PSC (en adelante, parte apelada). El apelante adujo haber comenzado a trabajar para la parte apelada el 1 de julio de 2010, luego de la fusión de las firmas legales Vélez-Rivé Law Offices PSC y Saldaña Carvajal PSC, ya que este trabajaba para la primera. Añadió que, en el año 2015, fue ascendido a la posición de "Partner" o socio de la referida firma. Así, las cosas, arguyó que, el 1 de enero de 2023, suscribió un Acuerdo de Accionistas *y el Confidenciality, Non-Disclosure and Non-Compete Agreement* (en adelante, Contrato de Confidencialidad) y fue convertido en accionista de la firma. Sin embargo, alegó que en noviembre de ese mismo año fue despedido ilegal, discriminatoriamente y en represalia.

Como consecuencia de lo anterior, el apelante esbozó que abrió una firma legal, pero que se ha visto imposibilitado de desarrollarse en su profesión y contratar con clientes tras haber suscrito los acuerdos de no competencia. El apelante expuso que el lenguaje de la cláusula de no competencia es vago y amplio, ya que no contiene una limitación geográfica específica ni detalla el área de derecho en que es de aplicación. Por lo anterior, alegó que, el 6 de febrero de 2024, mediante una misiva, solicitó a la parte apelada el dejar sin efecto la cláusula de no competencia, pero que esta se negó.

En la *Demanda*, el apelante solicitó al foro primario que: (i) emitiera una orden de entredicho provisional ordenando el cese y desista de la imposición de la Cláusula de No Competencia; (ii) declarara nula la Cláusula de No Competencia; (iii) emitiera una

---

[2] Apéndice del recurso, a las págs. 1-9.
[3] Apéndice del recurso, a las págs. 11-20.
[4] Apéndice del recurso, a la pág. 10.

orden de *injunction* preliminar y permanente ordenando el cese y desista de la imposición y divulgación de la Cláusula de No Competencia; y, (iv) determinara que la parte apelada incurrió en temeridad y le impusiera costas, gastos y honorarios de abogado.[5]

En respuesta, y previo a que compareciera la parte apelada en autos, el 13 de marzo de 2024, el TPI emitió y notificó la *Sentencia Parcial* apelada.[6] El TPI indicó que como parte de su *Sentencia Parcial* estaría tomando como ciertos todos los hechos bien alegados en la *Demanda*. En su dictamen, el foro primario desestimó las causas de acción interdictales, entiéndase, entredicho provisional e *injunction* preliminar, tras razonar que hubo ausencia de daños irreparables y por existir remedios adecuados en ley. Además, ordenó la transferencia de las demás acciones presentadas a la sala civil ordinaria correspondiente.[7]

En la *Sentencia Parcial*, el tribunal *a quo* concluyó que "la naturaleza de los daños que reclama el [apelante], son económicos, cuantificables y compensables a través del procedimiento ordinario" y que los alegados daños reclamados en la *Demanda* no son daños irreparables.[8] El foro primario expresó que la controversia de autos es una mediante la cual el apelante, a través del recurso extraordinario de *injunction*, solicitó que se dejara sin efecto cierta cláusula de no competencia en un contrato suscrito entre abogados y que esta no puede atenderse mediante este recurso extraordinario.[9] El TPI razonó que, la validez del acuerdo de no competencia era un asunto que tenía que atenderse a través del proceso ordinario, mediante una sentencia declaratoria.[10]

---

[5] Apéndice del recurso, a la pág. 18.
[6] Apéndice del recurso, a las págs. 21-27.
[7] Apéndice del recurso, a la pág. 27.
[8] Apéndice del recurso, a la pág. 25.
[9] Apéndice del recurso, a la pág. 25.
[10] Apéndice del recurso, a la pág. 26.

Por su parte, señalamos que, posteriormente, el 4 de abril de 2024, la parte apelada presentó su *Contestación a Demanda* y *Reconvención*.[11]

En desacuerdo con la *Sentencia Parcial*, el 5 de abril de 2024, compareció ante nos el apelante, mediante un recurso de *Apelación*, en el cual esbozó la comisión del siguiente error:

> ERRÓ EL TPI AL EMITIR SENTENCIA PARCIAL DESESTIMANDO EL INTERDICTO A PESAR DE QUE EL APELANTE POSEE UN DAÑO IRREPARABLE Y LIMITACIÓN AL EJERCICIO DE LA PROFESIÓN DE LA ABOGACÍA.

Mediante *Resolución* emitida el 8 de abril de 2024, concedimos a la parte apelada hasta el 6 de mayo de 2024, para presentar su alegato en oposición al recurso instado. Por su parte, en la misma fecha, el apelante presentó una *Moción Informativa* acreditando haber cumplido con las Reglas 13 (B) y 14 (B) del Reglamento del Tribunal de Apelaciones.[12]

El 11 de abril de 2024, la parte apelada presentó una *Moción de Desestimación por Falta de Jurisdicción*, en la cual adujo que el recurso instado era prematuro tras el foro primario no haberle notificado la *Sentencia Parcial* apelada. Por su parte, el 18 de abril de 2024, el apelante presentó una *Urgente Oposición a Moción de Desestimación* en la cual esbozó que no procedía lo allí alegado, puesto que, al momento en que el tribunal *a quo* notificó la *Sentencia Parcial* apelada, la parte apelada aún no había sido emplazada. Así, pues, el 19 de abril de 2024, la parte apelada presentó una *Moción Informativa y en Solicitud de Remedio*. Luego de examinar los escritos presentados por las partes, declaramos *No Ha Lugar* la solicitud de desestimación.[13]

---

[11] Apéndice del recurso, a las págs. 28-41.
[12] 4 LPRA Ap. XXII-B, R. 13 (B) y 14 (B).
[13] Dicha *Resolución* fue emitida por este Tribunal el 7 de mayo de 2024.

Por otro lado, el 6 de mayo de 2024, la parte apelada presentó su *Alegato de la Parte Apelada Saldaña, Carvajal & Vélez-Rivé, PSC.* Contando con la comparecencia de ambas partes procedemos a resolver la controversia ante nos.

**II**

**A. Recurso de Apelación**

La Regla 52.2 (a) de las Reglas de Procedimiento Civil, dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida.[14] Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[15] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[16] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.[17]
> […]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[18] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la moción.[19] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

---

[14] 32 LPRA Ap. V, R. 52.2 (a).
[15] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[16] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[17] 4 LPRA Ap. XXII-B, R. 13 (A).
[18] 32 LPRA Ap. V, R. 47.
[19] *Id.*

**B. *Injunction* Preliminar y Permanente y Entredicho Provisional**

El recurso de *injunction* o interdicto es un remedio extraordinario discrecional que procura la expedición por escrito de un mandamiento judicial que le exige a una persona a actuar o le prohíbe realizar determinada conducta que infringe o perjudica derechos de otra.[20] Dicho de otra manera, se trata de un remedio que busca prohibir u ordenar la ejecución de determinado acto, con el fin de evitar que se causen perjuicios inminentes o daños irreparables a alguna persona, en casos en los que no hay otro remedio adecuado en ley.[21] Cabe destacar que, el *injunction* es un remedio dirigido principalmente contra actos futuros que amenazan ser cometidos o que se anticipa que serán cometidos.[22]

La regulación del *injunction* descansa principalmente en la Regla 57 de las Reglas de Procedimiento Civil[23] y en los artículos 675 a 695 del Código de Enjuiciamiento Civil, respectivamente.[24] Toda vez que se trata de un recurso extraordinario, los tribunales pueden expedir un *injunction* únicamente en aquellos casos en los que no hay otro remedio adecuado en el curso ordinario de la ley.[25]

La Regla 57 de las Reglas de Procedimiento Civil establece tres (3) modalidades de *injunction,* a saber, el *injunction* permanente, el *injunction* preliminar y el entredicho provisional.[26]

El auto de entredicho provisional puede ser expedido al demandado sin notificación previa y sin que éste haya tenido oportunidad de ser oído, cuando de la petición bajo juramento surge

---

[20] 32 LPRA § 3421, Art. 675; *ELA v. Asoc. de Auditores,* 147 DPR 669, 679 (1999).
[21] *VDE Corporation v. F & R Contractors,* 180 DPR 21, 40 (2010); *ELA v. Asoc. de Auditores, Id.*
[22] *VDE Corporation v. F & R Contractors, Id.*; R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 4ta ed., San Juan, Ed. Lexis Nexis, 2007, Sec. 57.03, pág. 463.
[23] 32 LPRA Ap. V, R. 57.
[24] 32 LPRA § 3421-3566, Arts. 675-695.
[25] *ELA v. Asoc. de Auditores, supra.*
[26] 32 LPRA Ap. V, R. 57.1 y 57.2; *Next Step Medical v. Bromedicon,* 190 DPR 474, 486 (2014); *ELA v. Asoc. de Auditores, Id.*

causa justificada para ello.[27] Ahora bien, debido a que este procedimiento afecta el derecho a un debido proceso de ley de la persona contra la cual se emite, sus requisitos son de estricto y riguroso cumplimiento.[28] Por lo tanto, para que pueda ser dictado sin notificación previa, se ha de hacer constar, bajo juramento, aquellos hechos que demuestren que se ha de causar perjuicios, pérdidas o daños inmediatos e irreparables al solicitante antes de que se pueda notificar y oír a la parte adversa.[29] Por consiguiente, el solicitante ha de certificar por escrito al tribunal las diligencias que ha hecho, si alguna, para notificar a la parte contraria, y las razones en que funda su solicitud para que no se requiera dicha notificación.[30]

Cónsono con lo anterior, en caso de que se dicte una orden de entredicho provisional sin notificación previa, la moción para un auto de *injunction* preliminar será señalada para ser vista en la fecha más próxima que sea posible y tendrá preferencia sobre todos los demás asuntos, excepto aquellos que sean más antiguos y de la misma naturaleza.[31] Por tanto, cuando la moción sea llamada para vista, la parte que obtuvo la orden de entredicho provisional procederá con su solicitud de *injunction* preliminar y, si así no lo hace, el tribunal la dejará sin efecto.[32]

Por su parte, el *injunction* permanente requiere la celebración de vista y que, luego del juicio en sus méritos y antes de ordenar el *injunction* permanente, el TPI debe considerar: (i) si el demandante ha prevalecido en un juicio en sus méritos; (ii) si el demandante

---

[27] *ELA v. Asoc. de Auditores, Id.*
[28] *Id.*
[29] 32 LPRA Ap. V, R. 57.1 (a); *ELA v. Asoc. de Auditores, Id.*
[30] 32 LPRA Ap. V, R. 57.1 (b); *ELA v. Asoc. de Auditores, Id.*
[31] 32 LPRA Ap. V, R. 57.1.
[32] *Id.*

posee algún remedio adecuado en ley; (iii) el interés público involucrado; y, (iv) el balance de equidades.[33]

Sobre este remedio, el Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha expresado que se debe conceder el *injunction* si la parte que lo solicita demuestra que no tiene ningún otro remedio en ley para evitar un daño:

> Procede un *injunction* para evitar daños irreparables o una multiplicidad de procedimientos. [Citas omitidas.] El concepto de evitación de daños irreparables o de una multiplicidad de procedimientos constituye un aspecto de la regla básica de que procede un *injunction* cuando el remedio existente en el curso ordinario de la ley es inadecuado.[34]

El máximo foro ha establecido que para determinar si en un caso procede el recurso extraordinario de *injunction*, debe existir un agravio de patente intensidad al derecho de la persona que reclame urgente reparación para que se emita un *injunction*.[35] Asimismo, la parte promovente deberá demostrar que de no concederse el *injunction*, sufriría un daño irreparable.[36]

El *injunction* preliminar, por su parte, se emite en cualquier momento antes del juicio en su fondo.[37] Este remedio tiene como propósito fundamental conservar el *status quo* hasta que se celebre el juicio en sus méritos.[38] De esta manera, la orden del *injunction* preliminar evita que la conducta del demandado produzca una situación que convierta la sentencia que finalmente se dicte en académica, o que se le ocasionen daños de mayor consideración al peticionario mientras se ventila el litigio.[39]

---

[33] David Rivé, *Recursos Extraordinarios*, 2da Edición Revisada, Programa de Educación Jurídica Continuada, Facultad de Derecho Universidad Interamericana de Puerto Rico, 1996, San Juan, PR, págs. 44-45.
[34] *Mun. de Loíza v. Sucns. Suárez et al.*, 154 DPR 333, 367 (2001).
[35] *VDE Corporation v. F & R Contractors, supra; Com. Pro. Perm. de la Bda. Morales v. Alcalde*, 158 DPR 195, 205 (2002).
[36] *VDE Corporation v. F & R Contractors, Id.; Misión Industrial v. Junta Planificación*, 142 DPR 656, 681 (1997).
[37] *Next Step Medical v. Bromedicon, supra*; David Rivé, *Recursos Extraordinarios*, op. cita, a la pág. 21.
[38] *VDE Corporation v. F & R Contractors, supra, 41; Mun. de Ponce v. Gobernador*, 136 DPR 776, 784 (1994).
[39] *VDE Corporation v. F & R Contractors, Id.; Mun. de Ponce v. Gobernador, Id.*

Para determinar si procede o no conceder un *injunction* preliminar, se deben tomar en cuenta los siguientes criterios:

(1) La naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction*;

(2) Su irreparabilidad o la existencia de un remedio adecuado en ley;

(3) La probabilidad de que el promovente prevalezca eventualmente al resolverse el litigio en su fondo;

(4) La probabilidad de que la causa se torne académica de no concederse el *injunction*, y

(5) El posible impacto sobre el interés público del remedio que se solicita.[40]

A la par, deben considerarse los criterios de la Regla 57.3 de las Reglas de Procedimiento Civil,[41] los cuales incorporan a estos criterios ya mencionados, el criterio de diligencia y la buena fe con la que ha obrado la parte peticionaria.[42]

El Tribunal Supremo ha reconocido que, a pesar de que el cuarto criterio es el más importante, el mismo está vinculado con el segundo criterio: la irreparabilidad de los daños o la existencia de un remedio adecuado en ley.[43] Ahora bien, se estiman como remedios legales adecuados aquellos que pueden otorgarse en una acción por daños y perjuicios, en una criminal o cualquiera otra disponible.[44] De conformidad, al aplicar los criterios antes enumerados, se ha reiterado que la concesión o la denegatoria de un *injunction* exige que la parte que lo solicita demuestre que no existe un remedio adecuado en ley.[45] Nuestro más alto foro ha reiterado la necesidad de que la parte promovente demuestre la existencia de un daño irreparable "que no puede ser adecuadamente

---

[40] 32 LPRA Ap. V., R. 57.3. *VDE Corporation v. F & R Contractors, Id.*, 40-41; *Rullán v. Fas Alzamora*, 166 DPR 742, 764 (2006).
[41] 32 LPRA Ap. V., R. 57.3.
[42] *Next Setp Medical v. Bromedicon et al., supra*, 487.
[43] *VDE Corporation v. F & R Contractors, supra*, 41; *Rullán v. Fas Alzamora, supra.*
[44] *Misión Industrial v. Junta Planificación, supra.*
[45] *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.,* 173 DPR 304, 319 (2008); *Misión Industrial v. Junta Planificación, Id.*

satisfecho mediante la utilización de los remedios legales disponibles".[46] Es decir, el daño irreparable es aquél que no puede ser apreciado con certeza ni debidamente compensado por cualquier indemnización que pudiera recobrarse en un pleito en ley.[47]

Ahora bien, corresponde puntualizar que la concesión de un *injunction* preliminar o entredicho provisional descansa en la sana discreción del Tribunal.[48] Por ende, la decisión que tome el foro primario no debe ser revocada por este Tribunal Apelativo a menos que se demuestre que el TPI abusó de su facultad discrecional.[49]

Cabe destacar que:

Antes o después de comenzada la vista para considerar una solicitud de *injunction* preliminar, el tribunal podrá ordenar que el juicio en sus méritos se consolide con dicha vista. Aun cuando no se ordene la consolidación, cualquier evidencia que sea admitida en la vista sobre la solicitud de *injunction* preliminar y que sea admisible en el juicio en sus méritos, pasará a formar parte del expediente del caso y no tendrá que presentarse nuevamente el día del juicio. El tribunal, al emitir su resolución, dictará inmediatamente una orden, especificando los hechos que ha determinado como probados en dicha etapa y ordenando los procedimientos ulteriores que sean justos en el pleito.[50]

En lo pertinente, el Artículo 677 del Código de Enjuiciamiento Civil dispone las razones por las cuales se puede conceder un injunction:

(1) Cuando resultare de la petición que el peticionario tiene derecho al remedio solicitado, y dicho remedio, o parte del mismo, consistiere en impedir la comisión o continuación del acto denunciado, bien por un período de tiempo limitado, o perpetuamente.
(2) Cuando de la petición o declaración jurada resultare que la comisión o continuación de algún acto, durante el litigio, habrá de causar pérdidas o daños de consideración o irreparables a alguna de las partes.
(3) Cuando, durante el litigio, resultare que una de las partes está cometiendo, o amenaza cometer, o que se dispone a cometer, o a procurar o permitir que se cometa, algún acto de contrario a los derechos de otra de las partes, con respecto al asunto en litigio y tendente a hacer que sea ineficaz la sentencia.

---

[46] *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ. Id.*, citando a *Misión Industrial v. Junta Planificación, Id.*; *Com. Pro. Perm. Bda. Morales v. Alcalde, supra.*
[47] *Misión Industrial v. Junta Planificación, Id.*
[48] *ELA v. Asoc. de Auditores, supra,* 680.
[49] *ELA v. Asoc. de Auditores, Id.*; *Delgado v. Cruz*, 27 DPR 877, 880 (1919).
[50] 32 LPRA Ap. V, R. 57.2 (b).

(4) Cuando una compensación pecuniaria no habría de proporcionar adecuado remedio.
(5) Cuando fuere sumamente difícil precisar la cuantía de la compensación que habría de proporcionar remedio adecuado.
(6) Cuando la restricción fuere necesaria para impedir una multiplicidad de procedimientos judiciales.[51]
[...]

### III

El apelante ha comparecido ante nos para que se revise una *Sentencia Parcial* mediante la cual se desestimaron las causas de acción interdictales incoadas. De ahí, mediante su único señalamiento de error el apelante nos invita a concluir que el TPI incidió al haber tomado el referido curso de acción, aduciendo que este posee un daño irreparable y limitación al ejercicio de la profesión de la abogacía. No le asiste razón. Veamos.

El apelante presentó una *Demanda* sobre sentencia declaratoria, *injunction* y orden de entredicho provisional. La *Demanda* fue instada contra la corporación doméstica con fines de lucro Saldaña, Carvajal & Vélez-Rivé, PSC. Así, las cosas, el 1 de enero de 2023, el apelante suscribió un Acuerdo de Accionistas y un Contrato de Confidencialidad, convirtiéndose en accionista de la firma. No obstante, en noviembre de ese mismo año el apelante fue despedido. A esos efectos, abrió una firma legal, pero alegó que se ha visto imposibilitado de desarrollarse en su profesión y contratar con clientes tras haber suscrito los acuerdos de no competencia.

En respuesta, y previo a que compareciera en autos la parte apelada, el 13 de marzo de 2024, el TPI emitió y notificó la *Sentencia Parcial* apelada. En su dictamen, el foro primario desestimó las causas de acción interdictales, entiéndase entredicho provisional e *injunction* preliminar, tras razonar que hubo ausencia de daños irreparables y por existir remedios adecuados en ley. A tales efectos, ordenó la transferencia de las demás acciones presentadas a la sala

---

[51] 32 LPRA § 3423, Art. 677.

civil ordinaria correspondiente. El TPI razonó que, la validez del acuerdo de no competencia es un asunto que tiene que atenderse a través del proceso ordinario, mediante una sentencia declaratoria. Coincidimos con el foro primario en que los daños que reclama el apelante son económicos, cuantificables y compensables a través del procedimiento ordinario. Veamos.

La Regla 57 de las Reglas de Procedimiento Civil establece tres (3) modalidades de *injunction,* a saber, el *injunction* permanente, el *injunction* preliminar y el entredicho provisional.[52] Para propósitos de esta discusión nos enfocaremos en los remedios solicitados por el apelante, *injunction* preliminar y entredicho provisional.

En lo concerniente al remedio de entredicho provisional destacamos que, para que este pueda ser dictado sin notificación previa, se ha de hacer constar, bajo juramento, **aquellos hechos que demuestren que se ha de causar perjuicios, pérdidas o daños inmediatos e irreparables al solicitante** antes de que se pueda notificar y oír a la parte adversa.[53] (Énfasis suplido). Es por ello por lo que, el solicitante ha de certificar por escrito al tribunal las diligencias que ha hecho, si alguna, para notificar a la parte contraria, y las razones en que funda su solicitud para que no se requiera dicha notificación.[54]

En lo que respecta al remedio de **injunction, este busca prohibir u ordenar la ejecución de determinado acto, con el fin de evitar que se causen perjuicios inminentes o daños irreparables a alguna persona, en casos en los que no hay otro remedio adecuado en ley**.[55] (Énfasis suplido). El *injunction,* desde su temprana etapa de entredicho, está concediendo un remedio que en el procedimiento usual ordinario no se alcanza hasta vencer en

---

[52] 32 LPRA Ap. V, R. 57.1 y 57.2; *Next Step Medical v. Bromedicon, supra,* 486 (2014); *ELA v. Asoc. de Auditores, supra,* 679.
[53] 32 LPRA Ap. V, R. 57.1 (a); *ELA v. Asoc. de Auditores, Id.*
[54] 32 LPRA Ap. V, R. 57.1 (b); *ELA v. Asoc. de Auditores, Id.*
[55] *VDE Corporation v. F & R Contractors, supra,* 40; *ELA v. Asoc. de Auditores, Id.*

juicio, por lo que debe expedirse con sobriedad y sólo ante una demostración de clara e intensa violación de un derecho.[56] **El *injunction*, por su naturaleza de recurso extraordinario, se expide con carácter discrecional y mientras exista algún remedio eficaz, completo y adecuado en ley, no se considera el daño como irreparable**.[57] (Énfasis suplido). El daño irreparable es aquél que no puede ser apreciado con certeza ni debidamente compensado por cualquier indemnización que pudiera recobrarse en un pleito en ley.[58]

El *injunction* preliminar se emite en cualquier momento antes del juicio en su fondo.[59] A la hora de determinar si procede conceder un remedio como el requerido ante el TPI deben considerarse los siguientes criterios: (i) la naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction*; (ii) su irreparabilidad o la existencia de un remedio adecuado en ley; (iii) la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; (iv) la probabilidad de que la causa se torne en académica de no concederse el injunction; y, (v) el posible impacto sobre el interés público del remedio que se solicita.[60]

Tras examinar las alegaciones de la *Demanda* y la *Sentencia Parcial* apelada, en conjunto con los requisitos dispuestos en la Regla 57.3 de las Reglas de Procedimiento Civil y la jurisprudencia previamente citada, colegimos que el TPI no erró al desestimar de plano la petición de *injunction* preliminar y entredicho provisional. Concluimos que los daños alegados por el apelante en su *Demanda*, y reiterados en su escrito de *Apelación*, no son irreparables, pues el

---

[56] *Garcia v. World Wide Entmt. Co.*, 132 DPR 378, 389 (1992); *A.P.P.R.v. Tribunal Superior*, 103 DPR 903, 906 (1975).
[57] *Pérez Vda. de Muniz v. Criado Amunategui*, 151 DPR 355, 372 (2000).
[58] *Misión Industrial v. Junta Planificación, supra.*
[59] *Next Step Medical v. Bromedicon, supra*; David Rivé, *Recursos Extraordinarios*, op. cita, a la pág. 21.
[60] *P.R. Telephone Co. v. Tribunal Superior*, 103 DPR 200, 202 (1975).

señor Muñiz Calderón cuenta con otros remedios para establecer su reclamo.

Por otro lado, en el caso ante nos, el apelante no demostró que el TPI incurriera en un craso abuso de discreción. Todo lo contrario, de la *Sentencia Parcial* apelada se desprende que el foro primario estudió las alegaciones y remedios solicitados en la *Demanda* y los contrapuso con el análisis jurisprudencial establecido por el Tribunal Supremo llegando a la conclusión inequívoca que procedía la desestimación de los remedios interdictales.

La concesión de una orden de *injunction, injunction* preliminar o entredicho provisional descansa en la sana discreción del tribunal, por lo que su decisión para conceder o denegar la orden no será revocada por esta Curia a menos que se demuestre que dicho foro abusó de su facultad discrecional.[61] Cónsono con lo anterior esbozado, no abusó de su discreción el TPI al denegar la expedición de los remedios de *injunction* preliminar y entredicho provisional. Por tanto, determinamos que el foro primario emitió un dictamen razonable y conforme a la normativa jurídica aplicable. Ante ello, nos es forzoso concluir que el error alegado por el apelante no fue cometido y, en consecuencia, procede confirmar la *Sentencia Parcial* apelada.

**IV**

Por los fundamentos que anteceden, se *confirma* la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[61] *ELA v. Asoc. de Auditores, supra.*