Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SYSTEM ONE, INC.<br><br>Apelante<br><br>v.<br><br>ROLANDO TORRES RIVERA, WENDY CRESPO RUIZ Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR ESTOS; ADRIÁN TORRES CRESPO Y BLUE CONSULTING & TECHNOLOGIES LLC<br><br>Apelados | TA2025AP00011<br><br><br><br>Cons. | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV02197<br><br>Sobre: Acción Reivindicatoria de Propiedad Mueble; Injunction Preliminar y Permanente; Sentencia Declaratoria |
| SYSTEM ONE, INC.<br><br>Peticionario<br><br>v.<br><br>ROLANDO TORRES RIVERA, WENDY CRESPO RUIZ Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR ESTOS; ADRIÁN TORRES CRESPO Y BLUE CONSULTING & TECHNOLOGIES LLC<br><br>Recurridos | TA2025CE00111 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV02197<br><br>Sobre: Acción Reivindicatoria de Propiedad Mueble; Injunction Preliminar y Permanente; Sentencia Declaratoria |

anel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparece System One, Inc. (en adelante, System One) en el alfanumérico **TA2025AP00011**, mediante un *Recurso de Apelación*, para solicitarnos la revisión de la *Sentencia parcial*, emitida el 21 de mayo de 2025 y notificada al día siguiente, por el Tribunal de

Primera Instancia, Sala Superior de Bayamón.[1] Mediante la *Sentencia parcial* apelada, el foro primario declaró *No Ha Luga*r una petición de interdicto preliminar y permanente instada por System One y, en consecuencia, la desestimó con perjuicio. Además, dispuso que las demás causas de acción que surgían de la demanda del caso del título serían tramitadas por la vía ordinaria.

Además, mediante el alfanumérico **TA2025CE00111** comparece también System One, para solicitarnos la revisión de la *Orden* emitida y notificada el 27 de junio de 2025.[2] En la antedicha *Orden*, el foro de instancia, en atención a la presentación del recurso apelativo **TA2025AP00011**, ordenó la paralización de todos los procedimientos en el caso del título, hasta tanto se recibiese el mandato del Tribunal de Apelaciones.

Por los fundamentos que expondremos, se *confirma* la *Sentencia* parcial apelada en el alfanumérico **TA2025AP00011**. Por otro lado, *denegamos* la expedición del recurso presentado en el alfanumérico **TA2025CE00111**.

I

El caso del título inició, el 1 de mayo de 2025, cuando la System One presentó una demanda intitulada *Acción reivindicatoria de propiedad mueble, interdicto preliminar y permanente y sentencia declaratori*a contra Rolando Torres Rivera (señor Torres Rivera), Wendy Crespo Ruiz y la sociedad legal de gananciales compuesta por ambos (en conjunto Matrimonio Torres-Crespo); Blue Consulting & Technologies (Blue Consulting) y Adrián Torres Crespo (presidente y agente residente de la antedicha compañía) (en conjunto, parte apelada y/o parte recurrida).[3]

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 46.

[2] SUMAC TPI, a la Entrada Núm. 76.

[3] *Íd.*, a la Entrada Núm. 1. Conviene mencionar que, al día siguiente, System One por orden del Tribunal, cargó nuevamente al SUMAC la demanda, dado a que la original no contenía la firma electrónica del abogado. Véase, SUMAC TPI, a la Entrada Núm. 5.

En su pliego, System One sostuvo que el señor Torres Rivera, quien fue ejecutivo y gerente de ventas de System One, desde el 1 de enero de 2004, hasta el 29 de enero de 2025, tuvo acceso a información de suplidores y prospectos de clientes, que utilizó a favor de Blue Consulting, competencia de System One. Asimismo, esgrimió que, mientras era empleado de System One, el señor Torres Rivera brindó servicios de revisión de documentos y mercadeo a Blue Consulting. Todo ello, en detrimento de las operaciones de System One, la cual experimentó bajas significativas en sus ventas de producto. En adición, arguyó que el señor Torres Rivera fue suspendido a raíz de unas alegaciones de hostigamiento laboral, por lo que le fue requerida la entrega de equipo perteneciente a System One, entre ellos, una computadora y un teléfono móvil. Sostuvo que la computadora fue devuelta, luego de que su contenido fuera borrado, mientras que el teléfono móvil fue devuelto bloqueado con una contraseña que no fue provista. Además, alegó que el señor Torres Rivera no se defendió de las alegaciones de hostigamiento y nunca regresó al lugar de trabajo cuando fue convocado nuevamente, razón por la que fue despedido. Tras ello, System One le solicitó que ratificara su compromiso de no divulgar información confidencial adquirida durante el empleo, conforme a una cláusula de no-competencia incluida en el contrato de empleo suscrito entre las partes.

A raíz de todo lo expuesto, System One sostuvo que tenía motivos fundados para concluir que el señor Torres Rivera estaba llevando a cabo acciones competitivas ilegales, en incumplimiento de la aludida cláusula. Por consiguiente, solicitó al tribunal de instancia la concesión de un interdicto para que el señor Torres Rivera cesara su incumplimiento con la cláusula de no-competencia y se abstuviera de copiar o divulgar la información comercial de la cual System One fuese propietaria, incluyendo los contactos y

oportunidades de negocio que obtuvo a favor de Blue Consulting mientras fungía como empleado de System One.

De otra parte, peticionó al foro primario que: (i) ordenara a la parte apelada a entregar toda la propiedad perteneciente a System One, incluyendo pero no limitándose, a la información confidencial y los secretos de negocios; (ii) declarara que el señor Torres Rivera incumplió con el contrato de empleo y de no competencia, y (iii) condenara a la parte apelada a pagar de manera solidaria una suma no menor de $350,000.00 dólares, más los intereses legales desde la fecha del incumplimiento contractual, los honorarios de abogado y demás gastos del procedimiento.

Recibida la demanda, se calendarizó una vista para el 7 de mayo de 2025, con la finalidad de dilucidar si procedía o no la concesión de un interdicto preliminar y permanente.[4] A su vez, surge de los autos que los correspondientes emplazamientos fueron expedidos, así como un escrito presentado, el 5 de mayo de 2025, mediante el cual System One informó que no se pudo emplazar a la parte apelada. En consideración a lo anterior, mediante *Orden* emitida ese mismo día, y notificada al día siguiente, el foro de instancia le requirió a la System One informar el trámite a seguir y a mostrar causa por la cual no debía dar por renunciados los términos establecidos para recursos extraordinarios, desestimar el recurso de interdicto y tramitar el caso por la vía ordinaria.[5]

En respuesta, System One presentó una *Moción en cumplimiento de orden*.[6] Expuso que la situación con el emplazamiento a la parte apelada era que no se encontraban en Puerto Rico de forma temporera. Adujo que el foro primario podía citar a una vista ex parte para determinar la concesión de un

---

[4] SUMAC TPI, a la Entrada Núm. 2.
[5] *Íd.*, a la Entrada Núm. 18.
[6] *Íd.*, a la Entrada Núm. 19.

interdicto preliminar y luego citar a las partes para determinar la procedencia de un interdicto permanente.

Subsiguientemente, mediante *Orden* emitida y notificada el 6 de mayo de 2025, el tribunal de instancia dejó sin efecto la vista calendarizada, dispuso que System One dio por renunciados los términos y, entre otras cosas, ordenó a la referida parte a mostrar causa por la cual la acción del título no debía ser atendida por la vía ordinaria, para lo cual concedió tres (3) días.[7] No obstante lo anterior, al día siguiente, el foro *a quo* emitió una *Orden* mediante la cual recalendarizó la vista para el 20 de mayo de 2025.[8]

Luego, los días 14 y 15 de mayo de 2025, System One presentó dos (2) escritos para acreditar el diligenciamiento de la demanda, emplazamiento y orden con señalamiento de vista.[9] Sin embargo, quedó pendiente el diligenciamiento en cuanto al señor Adrián Torres Crespo (señor Torres Crespo). A tenor, mediante *Orden*, emitida el 15 de mayo de 2025 y notificada al día siguiente, el tribunal de instancia concedió un término para acreditar el diligenciamiento al señor Torres Crespo con otros apercibimientos similares a los antes reseñados.[10] Conforme surge de los autos, el diligenciamiento al señor Torres Crespo no fue realizado. Empero, mediante *Orden*, emitida y notificada el 16 de mayo de 2025, el foro *a quo*, a solicitud de System One, mantuvo el señalamiento de vista, pero advirtió que no atendería la misma si a esa fecha no se contaba con jurisdicción sobre todos los codemandados.[11]

Por otro lado, el mismo 16 de mayo, System One incoó una *Moción de identificaciones y testigos para vista.*[12] En esta, informó sobre la prueba testifical y documental que proponía presentar

---

[7] SUMAC TPI, a la Entrada Núm. 20.
[8] *Íd.*, a la Entrada Núm. 21.
[9] *Íd.*, a las Entradas Núm. 22 y 23.
[10] *Íd.*, a la Entrada Núm. 24.
[11] *Íd.*, a la Entrada Núm. 27.
[12] *Íd.*, a la Entrada Núm. 28.

durante la vista de interdicto. En particular, identificó a la señora Vanessa Román como testigo, así como el señor Torres Rivera, a quien identificó como un posible testigo hostil. En cuanto a la prueba documental, propuso los siguientes documentos: (1) Work Agreement 1992*;* (2) Notas acerca del Work Agreement 1992*;* (3) Términos del contrato escrito y verbal al 6 de julio de 2023; (4) Notas de acuerdo de empleo de 12 de abril de 1995; (5) Memorando acerca de márgenes [de] 16 de abril de 1996; (6) Work Agreement de enero 1 de 2004; (7) Acuse de Recibo y Políticas de Hostigamiento Sexual y Discrimen 10-2004; (8) Standard Operating Procedure #1010 de 7 de febrero de 2006; (9) Memorando de Cláusula de Confidencialidad del Contrato de Empleo 10-2021.

De igual forma, ese mismo 16 de mayo, el Matrimonio Torres-Crespo compareció mediante una *Moción asumiendo representación legal y cargando prueba documental*. Mediante la referida moción, informó la prueba documental que proponía presentar en la vista de interdicto.[13] Específicamente, los documentos siguientes: (1) Carta notificando PIN; (2) Contestación [de Banco Popular] sobre intento de acceso a cuenta; y (3) Recibo de entrega de equipo.

Así las cosas, el 19 de mayo de 2025, System One instó un *Aviso de desistimiento voluntario en cuanto a Adri[á]n Torres Crespo*.[14] Evaluado lo anterior, mediante *Sentencia parcial* emitida y notificada el 19 de mayo de 2025, el tribunal de instancia dio por desistida la causa de acción contra el señor Torres Crespo, sin perjuicio.[15]

De lo que sigue, el mismo 19 de mayo, el Matrimonio Torres-Crespo interpuso un escrito intitulado *Oposición a remedio interdicta*l.[16] En síntesis, argumentó que el acuerdo de no-

---

[13] SUMAC TPI, a la Entrada Núm. 30.
[14] *Íd.*, a la Entrada Núm. 34.
[15] *Íd.*, a la Entrada Núm. 35.
[16] *Íd.*, a la Entrada Núm. 36.

competencia era nulo por incumplir con las condiciones requeridas a la luz de la jurisprudencia aplicable. Particularmente, sostuvo que el acuerdo no contenía límites geográficos para las restricciones ni una lista de clientes prohibidos, lo que vicia de nulidad la cláusula y hacía improcedente un remedio interdictal para hacerla efectiva. En adición, arguyó que el interdicto no procedía toda vez que existía un remedio adecuado en ley para resolver los alegados daños por la vía ordinaria. Asimismo, señaló que el remedio de *injunction* no se encuentra disponible para evitar el quebrantamiento de un acuerdo contractual. Finalmente, manifestó que las alegaciones adolecían de especificidad en cuanto a la propiedad presuntamente en posesión de la parte apelada, lo cual igualmente impedía la concesión del interdicto.

Al día siguiente, el 20 de mayo de 2025, según se desprende de la *Minuta*, se celebró la vista sobre interdicto preliminar y permanente, a la cual comparecieron las partes representadas por sus respectivos abogados.[17] Según surge de la transcripción de esta vista,[18] las partes, en esencia, argumentaron en cuanto a la procedencia del interdicto y el foro de instancia inquirió sobre cuál era el remedio que System One solicitaba al amparo de la Regla 57 de Procedimiento Civil.[19] Ante ello, System One argumentó que la propiedad en cuestión, y por la que se solicitaba el remedio interdictal, era la información confidencial y secretos de negocio. Mientras que, la parte apelada planteó que no se había identificado la propiedad ni los secretos comerciales sobre los cuales se solicitaba el interdicto. Durante la vista, el foro *a quo* recesó varios minutos para permitirle a las partes que confeccionaran una lista específica de aquellos clientes que se estimaban restringidos y a los

---

[17] SUMAC TPI, a la Entrada Núm. 49.
[18] Transcripción de la Vista de Interdicto Preliminar y Permanente del 20 mayo de 2025.
[19] 32 LPRA Ap. V, R. 57.

cuales la parte apelada había contactado en alegado detrimento de System One. No obstante, lo anterior, resultó infructuoso. Siendo así, el tribunal sostuvo que la demanda no era específica en cuanto a los clientes y la propiedad en cuestión. Consiguientemente, el foro de instancia determinó, sin prejuzgar los méritos de las causas de acción ordinaria, que no procedía la concesión del remedio interdictal. En adición, pese a que la parte apelada informó al tribunal de instancia que a la fecha no se había emplazado a Blue Consulting, el referido foro se abstuvo de atender el asunto jurisdiccional traído a su consideración.

A tenor con lo transcurrido en la vista, el 21 de mayo de 2025, el foro de instancia emitió la *Sentencia parcial* apelada, la cual se notificó al día siguiente.[20] Mediante el antedicho dictamen, el foro primario declaró *No Ha Lugar* la petición de interdicto preliminar y permanente instada por System One y, en consecuencia, la desestimó con perjuicio. Además, dispuso que las demás causas de acción que surgían de la demanda del caso del título serían tramitadas por la vía ordinaria.  Por otra parte, el foro apelado emitió once (11) determinaciones de hechos.[21]

Así, pues, el tribunal *a quo* concluyó que la demanda instada no cumplía con los criterios para expedir una orden de interdicto preliminar o permanente. Ello, puesto a que las alegaciones de la demanda adolecían de suficiencia, eran vagas y generales. Por otro lado, concluyó que, con relación a la solicitud de remedio incoado por System One en su demanda, existía un remedio adecuado en ley para canalizarlo. Además, subrayó que System One no había sido diligente en tramitar el recurso extraordinario, al alegar en la demanda que descubrió los alegados actos ilícitos para septiembre de 2024, y posteriormente, durante la vista, indicar que los

---

[20] SUMAC TPI, a la Entrada Núm. 46.
[21] *Íd.*, a la Entrada Núm. 46, págs. 9-10. (Énfasis en el original).

descubrió en enero de 2025. Lo anterior demostraba falta de diligencia toda vez que, si los actos fueron descubiertos en septiembre de 2024, o enero de 2025, no fue hasta mayo de 2025 que System One presentó la acción judicial.

Luego, mediante *Orden*, notificada el 22 de mayo de 2025, el foro *a quo* dispuso que habiéndose establecido que el caso se tramitaría por la vía ordinaria, las partes tendrían treinta (30) días para presentar sus contestaciones a la demanda, así como sus alegaciones.[22]

En desacuerdo con la *Sentencia parcial*, el 30 de mayo de 2025, System One presentó una *Moción solicitando reconsideración*.[23] Adujo que el foro primario debió realizar un escrutinio menos riguroso al evaluar la concesión del remedio interdictal toda vez que se trataba de un *injunction* estatutario al amparo la Ley para la Protección de Secretos Comerciales e Industriales de Puerto Rico (Ley Núm. 80).[24] Asimismo, planteó que el TPI debió permitirle presentar prueba durante la vista y que la alegada falta de diligencia, o incuria, no debió ser considerada por el foro de instancia *motu proprio* por cuanto se trataba de una defensa afirmativa que debía entenderse renunciada por la parte apelada. En adición, sostuvo que, en el caso de que la referida defensa no hubiese sido renunciada, esta era inaplicable dado a que la Ley Núm. 80 disponía un término prescriptivo de tres (3) años para presentar una causa de acción interdictal.[25]

En reacción, el 9 de junio de 2025, la parte apelada se opuso a la reconsideración.[26] Esbozó que System One falló al no especificar la propiedad que debía ser entregada y el alegado secreto de negocio que debía ser protegido. En adición, sostuvo que System One

---

[22] SUMAC TPI, a la Entrada Núm. 45.
[23] *Íd.*, a la Entrada Núm. 55.
[24] Artículo 8 de la Ley Núm. 80-2011, 10 LPRA sec. 4136.
[25] *Íd.*, Artículo 13, 10 LPRA sec. 4141.
[26] SUMAC TPI, a la Entrada Núm. 63.

pretendía que se concediera un remedio que no fue solicitado en la alegación, esto es el *injunction* estatutario al amparo de la Ley Núm. 80.[27] No obstante, lo anterior, esgrimió que, aun si el remedio interdictal al amparo de la referida ley hubiese sido peticionado propiamente en la *Demanda*, era improcedente, toda vez que el referido pliego adolecía de alegaciones específicas que justificaran la concesión de dicho remedio. Además, resaltó que System One fue evasivo durante la vista de *injunction* y que la prueba ofrecida por esta no subsanó el defecto de falta de especificidad en las alegaciones.

Evaluados los escritos, el mismo 9 de junio, el foro de instancia emitió y notificó una *Resolución* mediante la cual denegó la solicitud de reconsideración.[28]

Insatisfecha aún, el 17 de junio de 2025, System One presentó un recurso de *Apelación*, en el alfanumérico **TA2025AP00011**, en el cual esgrimió los siguientes tres (3) señalamientos de error:

Primer Error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EL REMEDIO DE INJUNCTION NO APLICABA EN ESTE CASO.

Segundo Error:

EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL UTILIZAR LOS CRITERIOS APLICABLES AL INJUNCTION CLÁSICO EN UN ASUNTO REGULADO POR LA "LEY PARA LA PROTECCIÓN DE SECRETOS COMERCIALES E INDUSTRIALES DE PUERTO RICO"[.]

Tercer Error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR CON PERJUICIO LA PETICI[Ó]N DE INJUNCTION AL CONCLUIR QUE LAS ALEGACIONES DE LA DEMANDA SON INSUFICIENTES[.]

Mediante *Resolución* emitida el 24 de junio de 2024, concedimos a System One hasta el 26 de junio de 2025, para someter la transcripción de la vista de *injunction* celebrada ante el

---

[27] 29 LPRA sec. 185a *et seq.*
[28] SUMAC TPI, a la Entrada Núm. 64.

TPI y concedimos a la parte apelada hasta el 30 de junio de 2025, para presentar objeciones, si algunas, a la transcripción. La referida transcripción fue presentada el 25 de junio de 2025. La parte apelada no presentó objeciones a la misma. A tenor, acogemos la transcripción de la vista.

Presentado el recurso de *Apelación*, se suscitaron otros incidentes procesales. Ahora bien, mediante *Orden* emitida y notificada el 27 de junio de 2025, y en atención a la presentación del recurso de *Apelación* y en lo atinente, el tribunal de instancia dispuso paralizar todos los procedimientos en el caso de marras hasta tanto recibiese el correspondiente mandato del Tribunal de Apelaciones.[29]

En desacuerdo con la orden emitida, System One instó una *Moción de reconsideración de paralización*.[30] En su escrito, solicitó que se dejara sin efecto la paralización en cuanto a asuntos no comprendidos en el recurso de apelación interpuesto. En respuesta, mediante *Resolución* emitida y notificada el 30 de junio de 2025, el tribunal de instancia declaró *No Ha Lugar* lo solicitado.[31]

En lo que respecta al trámite ante este foro apelativo, el 7 de julio de 2025, la parte apelada presentó su alegato en oposición en el alfanumérico **TA2025CE00011**. Siendo así, el mencionado alfanumérico quedó perfeccionado para su adjudicación final.

Así las cosas, el 8 de julio de 2025, tras haber quedado insatisfecha con la orden de paralización emitida por el foro de instancia, el 8 de julio de 2025, compareció nuevamente ante nos System One. Esta vez, compareció mediante una *Petición de certiorari* en el alfanumérico **TA2025CE00111**. En este recurso, System One esgrimió la comisión del siguiente error:

> ERRÓ MANIFIESTAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA ORDEN GENERAL DE

---

[29] SUMAC TPI, a la Entrada Núm. 76.
[30] *Íd.,* a la Entrada Núm. 77.
[31] *Íd.,* a la Entrada Núm. 79.

PARALIZACIÓN DEL CASO EN INSTANCIA PENDIENTE UNA APELACIÓN DE SENTENCIA PARCIAL.

Dado a lo anterior, en esta misma fecha y por economía procesal, ordenamos la consolidación del alfanumérico **TA2025AP00011** con el alfanumérico **TA2025CE00111**. Por otro lado, con relación al alfanumérico **TA2025CE00111**, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[32] y dado a que este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho", eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Habiendo expresado lo anterior, procederemos a disponer de los recursos consolidados.

II

## A. Recurso de Apelación

La Regla 52.2 (a) de Procedimiento Civil,[33] así como la Regla 13(A) del Reglamento del Tribunal de Apelaciones,[34] disponen que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días, desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello, quiere decir que no admite justa causa, es improrrogable y que su incumplimiento es insubsanable.[35] Por otra parte, es menester acentuar que la correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[36] De

---

[32] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).
[33] 32 LPRA Ap. V, R. 52.2 (a).
[34] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 22.
[35] *Martínez Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[36] *Rodríguez Mora v. García Lloréns*, 147 DPR 357, 360 (1977).

manera que, si la sentencia no fue notificada conforme a derecho, el Tribunal de Apelaciones no tendrá jurisdicción para atender la misma, ya que el recurso instado ante este foro será prematuro.[37]

Ahora bien, el término de treinta (30) días para acudir en alzada, antes señalado, puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[38] En tal caso, el término para apelar se contará a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[39] Esto, a pesar de que la moción se haya declarado sin lugar.

Es preciso señalar, que "[u]na vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de esta, de la cual se apela, o a las cuestiones comprendidas en esta, salvo orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones [. . .]".[40] Empero, el tribunal de primera instancia a su discreción, "podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación".[41]

De otra parte, es menester puntualizar que, en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los tribunales inferiores aplican el derecho a los hechos particulares de cada caso, y si abusaron de su discreción.[42] En consecuencia, el foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[43] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe

---

[37] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[38] Regla 47 de Procedimiento Civil, 32 LPRA Ap. V., R. 47.
[39] *Íd.*
[40] Regla 18 (A) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 34.
[41] *Íd.*
[42] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).
[43] *SLG Zapata-Rivera v. JF Montalvo,* 189 DPR 414, 434 (2013).

prevalecer el criterio del juez de instancia.[44] Por ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[45]

## B. Expedición del recurso de *Certiorari*

El recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[46]  A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[47] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[48] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[49]

La Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[44] *Sierra, Secretario del Trabajo v. Tribunal Superior*, supra, a la pág. 572.
[45] *Rivera et al. v. Arcos Dorado et al.,* 212 DPR 194, 210 (2023).
[46] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[47] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).
[48] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[49] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[50]

Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[51] Quiérase decir, que no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[52] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[53] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[54]

## B. El *Injunction*

El recurso de *injunction* es un remedio extraordinario discrecional que procura la expedición por escrito de un mandamiento judicial que le exige a una persona a actuar o le prohíbe realizar determinada conducta que infringe o perjudica los

---

[50] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 59.
[51] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[52] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[53] *BPPR v. SLG Gómez-López,* 213 DPR 314, 334 (2023).
[54] *Íd.*; *Mejías v. Carrasquillo,* 185 DPR 288, 306-307 (2012).

derechos de otra.[55] Dicho de otra manera, se trata de un remedio que busca prohibir u ordenar la ejecución de determinado acto, con el fin de evitar que se causen perjuicios inminentes o daños irreparables a alguna persona.[56] Asimismo, el *injunction* es un remedio dirigido principalmente contra actos futuros que amenazan ser cometidos o que se anticipa que serán cometidos.[57]

Puesto a que el referido remedio es uno de carácter extraordinario, los tribunales deben otorgarlo únicamente en aquellos casos en los que no existe otro remedio adecuado o cuando el remedio existente en el curso básico de la ley es inadecuado.[58] Cabe destacar, además, que nuestro Tribunal Supremo ha establecido que para determinar si en un caso procede el recurso extraordinario de *injunction*, debe existir un agravio de patente intensidad al derecho de la persona que reclame urgente reparación.[59] Igualmente, la parte promovente deberá demostrar que, de no concederse el *injunction*, sufriría un daño irreparable.[60] Es decir, un daño que no puede ser apreciado con certeza ni puede ser debidamente compensado por cualquier indemnización que se consiguiera recobraren un pleito en ley.[61]

De otro lado, precisa destacar que la regulación del *injunction* descansa principalmente en la Regla 57 de Procedimiento Civil,[62] y en los Artículos 675 a 695 del Código de Enjuiciamiento Civil,[63]

---

[55] Artículo 675 del Código de Enjuiciamiento Civil de Puerto Rico de 1933 (Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; *E.L.A. v. Asoc. de Auditores*, 147 DPR 669, 679 (1999).

[56] *VDE Corporation v. F & R Contractors*, 180 DPR 21, 40 (2010); *E.L.A. v. Asoc. de Auditores*, supra, a la pág. 679.

[57] *VDE Corporation v. F & R Contractors*, supra, a la pág. 40; R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis Nexis, 2007, a la pág. 463.

[58] *E.L.A. v. Asoc. de Auditores*, supra, a la pág. 679; *Mun. de Loíza v. Sucns. Suárez et al.*, 154 DPR 333, 367 (2001).

[59] *VDE Corporation v. F & R Contractors*, supra, a la pág. 40*; Com. Pro. Perm. Bda. Morales v. Alcalde*, 158 DPR 195, 205 (2002).

[60] *VDE Corporation v. F & R Contractors*, supra, a la pág. 40*; Misión Ind. P.R. v. J.C.A.*, 142 DPR 656, 681 (1997).

[61] *Misión Ind. P.R. v. J.C.A.*, supra, a la pág. 681.

[62] 32 LPRA Ap. V, R. 57.

[63] Artículos 675 al 695 del Código de Enjuiciamiento Civil, 32 LPRA secs. 3421-3566.

respectivamente. En específico, la Regla 57 de las Reglas de Procedimiento Civil establece tres (3) modalidades de *injunction*, a saber: (i) el *injunction* permanente; (ii) el *injunction* preliminar, y (iii) el entredicho provisional.[64]

En cuanto al *injunction* preliminar, este se puede conceder en cualquier momento antes del juicio en su fondo.[65] Tiene como propósito fundamental conservar el *status quo* hasta que se diluciden las controversias en sus méritos.[66] De esta manera, la orden del *injunction* preliminar evita que la conducta del demandado produzca una situación que convierta la sentencia que finalmente se dicte en académica, o que se le ocasionen daños de mayor consideración al peticionario mientras se ventila el litigio.[67] Para determinar si procede o no conceder un *injunction* preliminar, se deben considerar primordialmente los criterios enumerados en la Regla 57. 3 de Procedimiento Civil. Ellos son:

(1) La naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction*;

(2) Su irreparabilidad o la existencia de un remedio adecuado en ley;

(3) La probabilidad de que el promovente prevalezca eventualmente al resolverse el litigio en su fondo;

(4) La probabilidad de que la causa se torne académica de no concederse el *injunction*, y

(5) El posible impacto sobre el interés público del remedio que se solicita.[68]

---

[64] 32 LPRA Ap. V, R. 57.1 y 57.2; *Next Step Medical v. Bromedicon et al.*, 190 DPR 474, 486 (2014); *E.L.A. v. Asoc. de Auditores*, supra, a la pág. 679.

[65] *Next Step Medical v. Bromedicon et al.*, supra, a la pág. 486; David Rivé, *Recursos Extraordinarios*, 2da Edición Revisada, Programa de Educación Jurídica Continuada, Facultad de Derecho Universidad Interamericana de Puerto Rico, 1996, San Juan, PR, a la pág. 21.

[66] *VDE Corporation v. F & R Contractors*, supra, a la pág. 41; *Mun. de Ponce v. Gobernador*, 136 DPR 776, 784 (1994).

[67] *VDE Corporation v. F & R Contractors*, supra, a la pág. 41*; Mun. de Ponce v. Gobernador*, supra, a la pág. 784.

[68] Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 57.3; *VDE Corporation v. F & R Contractors*, supra, a las págs. 40-41; *Rullán v. Fas Alzamora*, 166 DPR 742, 764 (2006).

A la par, deben considerarse los casos especificados en el Artículo 677 del Código de Enjuiciamiento Civil en los cuales puede concederse un *injunction.* Esto son:

(1) Cuando resultare de la petición que el peticionario tiene derecho al remedio solicitado, y dicho remedio, o parte del mismo, consistiere en impedir la comisión o continuación del acto denunciado, bien por un período de tiempo limitado, o perpetuamente.

(2) Cuando de la petición o declaración jurada resultare que la comisión o continuación de algún acto, durante el litigio, habrá de causar pérdidas o daños de consideración o irreparables a alguna de las partes.

(3) Cuando, durante el litigio, resultare que una de las partes está cometiendo, o amenaza cometer, o que se dispone a cometer, o a procurar o permitir que se cometa, algún acto de contrario a los derechos de otra de las partes, con respecto al asunto en litigio y tendente a hacer que sea ineficaz la sentencia.

(4) Cuando una compensación pecuniaria no habría de proporcionar adecuado remedio.

(5) Cuando fuere sumamente difícil precisar la cuantía de la compensación que habría de proporcionar remedio adecuado.

(6) Cuando la restricción fuere necesaria para impedir una multiplicidad de procedimientos judiciales.[69]

Por otro lado, huelga resaltar que, bajo ciertas circunstancias y con el fin de prevenir violaciones a sus disposiciones y a la política pública que implantan, algunas leyes especiales autorizan también la expedición de un *injunction.* Esto trata de un recurso especial, conocido como *injunction* estatutario, el cual es distinto al *injunction* clásico u ordinario.[70]

Particularmente, la Ley Núm. 80, mejor conocida como la Ley para la Protección de Secretos Comerciales e Industriales de Puerto Rico dispone en su Artículo 7 que el tribunal podrá emitir una orden provisional ex parte requiriendo que la parte demandante cese o desista del uso o la divulgación de un Secreto Comercial cuando "se

---

[69] Artículo 677 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423.
[70] J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., Estados Unidos, Pubs. JTS, 2011, T. V., pág. 1672.

aleguen hechos específicos que establezcan claramente que el demandado se apropió indebidamente del Secreto Comercial, que su divulgación o utilización por parte del demandado le causará daños al demandante, y que el demandante tiene altas probabilidades de prevalecer [. . .]".[71] Por otro lado, el Artículo 8 de la referida ley permite otorgar un remedio interdictal cuando quede evidenciada la apropiación indebida de un secreto comercial o industrial. En específico, el referido articulado dispone que "[e]n todo caso en que quede evidenciada la existencia de una apropiación indebida de un [s]ecreto [c]omercial o [i]ndustrial, el Tribunal podrá expedir una orden de interdicto preliminar sin que el demandante tenga que evidenciar que ello constituye un daño irreparable".[72]

Es menester señalar que los requisitos necesarios para la concesión de un *injunction* estatuario son menos rigurosos que los exigidos para el ordinario.[73] Esto es así, puesto que, al presentarse una solicitud de *injunction* estatutario, no se requiere alegación, ni prueba de daño irreparable.[74] Entiéndase que, basta con que el demandado haya violado las disposiciones de la ley.[75] A tenor, la parte promovente de un *injunction* estatutario, debe acreditar ante el foro competente que: (i) existe una ley o reglamento que regula el uso o actividad en cuestión, y (ii) los demandados están haciendo uso o realizando una actividad en violación a la ley o reglamento.[76]

Finalmente, huelga puntualizar que la concesión de un *injunction* descansa en la sana discreción del Tribunal.[77] Por ende, la decisión que tome el foro primario no debe ser revocada por este

---

[71] Artículo 7 de la Ley Núm. 80, *supra*, 10 LPRA sec, 4135. (Énfasis nuestro).
[72] *Íd.*, Art. 8, 10 LPRA sec. 4136.
[73] *Next Step Medical v. Bromedicom et al.,* supra, a la pág. 497; *CBS Outdoor v. Billboard One, Inc. et al.,* 179 DPR 391, 409 (2010).
[74] *A.R.Pe. v. Rivera*, 159 DPR 429, 444 (2003).
[75] *Íd.*
[76] J. Cuevas Segarra, *op. cit.*, a las págs. 1672-1673.
[77] *E.L.A. v. Asoc. de Auditores*, supra, a la pág. 680.

Tribunal Apelativo a menos que se demuestre que el tribunal *a quo* abusó de su facultad discrecional.[78]

III

Ante la consideración de este Tribunal se encuentran dos recursos apelativos consolidados, ambos, presentados por System One. El *primer* recurso es uno de apelación y fue presentado en el alfanumérico **TA2025AP00011**. El *segundo* recurso apelativo es uno de *certiorari* y fue instado bajo el alfanumérico **TA2025CE00111**. Aun cuando se encuentran estrechamente relacionados, a los fines de este dictamen, los discutiremos de forma separada. Veamos.

**A. Recurso TA2025AP00011**

En el recurso apelativo TA2025AP00011, System One le imputa al foro de instancia la comisión de tres (3) errores. En su *primer* y *tercer* error, esencialmente, sostiene que el tribunal *a quo* incidió al resolver que no procedía el *injunction* solicitado y al desestimar con perjuicio su causa de acción interdictal, al concluir que sus alegaciones eran insuficientes. Por estar el *primer* y *tercer* error íntimamente relacionados, procederemos a discutirlos en conjunto.

Según relatamos anteriormente, el caso del título inició cuando System One presentó una *Demanda* intitulada *Acción reivindicatoria de propiedad mueble, interdicto preliminar y permanente y sentencia declaratoria* en contra del señor Torres Rivera, su esposa y otros codemandados. En la referida demanda, esbozó que el señor Torres Rivera había laborado como ejecutivo y gerente de ventas de System One, desde el año 2004 hasta el año 2025, y que, luego, utilizó información de suplidores y clientes prospectos a favor de una compañía que era competencia suya. Por

---

[78] *E.L.A. v. Asoc. de Auditores*, supra, a la pág. 680; *Delgado v. Cruz*, 27 DPR 877, 880 (1919).

otra parte, alegó que el señor Torres Rivera firmó una cláusula de no-competencia con System One la cual prohibía divulgar la referida información. Así, pues, solicitó, entre otras cosas, que el tribunal concediera un *injunction* para que el señor Torres Rivera se abstuviera de compartir la información comercial adquirida mientras laboraba como empleado de System One.

Tras varias instancias procesales innecesarias de pormenorizar, las que incluyeron, pero no se limitaron, a la presentación de prueba documental por parte System One, así como por el señor Torres Rivera, el foro primario celebró una vista de *injunction*. De la transcripción de esta vista, se desprende que, durante la misma, el tribunal indagó a System One sobre cuál era el peligro o daño inminente que sufría en el presente, razón por la cual se debía conceder el remedio interdictal solicitado.[79] En respuesta a la pregunta, System One arguyó que tenía prueba de que el señor Torres Rivera realizó actividades de negocio a nombre de Blue Consulting, quien era su competencia, mientras aún era su empleado.[80] Lo anterior, se convirtió en un patrón que se repitió en una multiplicidad de ocasiones durante la vista. Entiéndase, que cada vez que el juzgador de instancia le preguntaba a System One acerca de las acciones que estaba llevando a cabo el señor Torres Rivera, en detrimento suyo, esta hacía referencia a eventos que habían ocurrido en el pasado, mientras el señor Torres Rivera era empleado de System One.[81]

Ante la incapacidad del apelante de proveerle al tribunal durante la vista una razón de urgencia para la concesión del *injunction*, el juzgador de instancia le recordó a System One que la referida vista era para atender la procedencia del recurso

---

[79] Transcripción de la Vista del 20 de mayo de 2025, a la pág. 14, líns. 10-14
[80] *Íd.*, a la pág. 14, líns. 20-23.
[81] *Íd.*, a la pág. 15, líns. 7-14; a la pág. 25, líns. 10-23; a la pág. 27, líns. 17-25; a la pág. 28, líns. 15-21; a la pág. 29 líns. 1-15.

extraordinario, no para atender la reclamación de daños o la de incumplimiento contractual, las cuales debían atenderse por la vía ordinaria.[82] Así, pues, System One arguyó que su *Demanda* aducía que el señor Torres Rivera tenía en su posesión información confidencial que constituía secretos de negocios y, por ende, era propiedad suya.[83] No obstante, lo anterior, en ningún momento durante la vista System One logró especificar cuál era la información confidencial que tenía el señor Torres Rivera y cómo la estaba utilizando en contra de esta.

A tenor con lo anterior, el representante legal del señor Torres Rivera argumentó, durante el transcurso de la vista, que su cliente no podía entregar una propiedad que no se había podido identificar.[84] Asimismo, expresó que no se le podía extraer de la mente al señor Torres Rivera treinta y uno (31) años de experiencia para entregárselos a System One.[85] Adujo que todo lo que se conocía como lista de clientes, el 'rolodesk', y toda la propiedad que estaba en posesión del señor Torres Rivera se le entregó a System One. Indicó que existía un recibo de la referida entrega el cual se había sometido como parte de la prueba interdictal presentada previamente.[86] En cuanto a la alegación, de que el señor Torres Rivera entregó a la compañía un teléfono celular, el cual se le había provisto, con una clave desconocida para la compañía, el representante legal de este argumentó que el señor Torres Rivera le especificó a la compañía que no recordaba la aludida clave, y que, aun así tenía prueba de que System One había logrado acceso al teléfono.[87]

---

[82] Transcripción de la Vista del 20 de mayo de 2025, a la pág. 17, líns 1-14.
[83] *Íd.,* a la pág. 17, líns. 17-22.
[84] *Íd.,* a la pág. 19, lín. 4.
[85] *Íd.,* líns. 5-6.
[86] *Íd.,* líns. 7-10.
[87] *Íd.,* líns 17-22.

Imposibilitado aún de identificar cuáles eran las circunstancias que regularían el *injunction,* si se concedía a favor de System One, el juzgador de instancia preguntó a la referida parte si la preservación del *status quo* se podía lograr mediante una prohibición al señor Torres Rivera de relacionarse con los clientes de System One, a lo cual esta parte contestó que "Sí".[88] En vista de ello, el tribunal concedió un receso para que System One elaborara la lista de los clientes con los cuales el señor Torres Rivera se estaba comunicando actualmente,[89] empero, la tarea asignada resultó infructuosa.[90]

En cuanto a la prueba presentada por las partes, el juzgador de instancia indicó que, a su discreción, evaluaría solo la prueba necesaria para poder emitir el interdicto preliminar.[91]

Habiendo presentado las partes todos sus argumentos respecto a la procedencia del *injunction,* el juzgador de instancia expresó que era de la opinión que en este caso no había materia para conceder un recurso extraordinario. Sobre este particular, razonó que de la demanda no aparecía una lista de propiedad, ni de clientes y tampoco una de suplidores. Asimismo, reseñó que todos los eventos relatados por System One eran eventos consumados, por lo que no se lograron identificar cuáles eran las acciones que llevaba a cabo el señor Torres Rivera que le generaran a System One un peligro inminente.[92]

Luego de la vista, el tribunal *a quo* emitió la sentencia parcial que nos ocupa, mediante la cual reiteró lo concluido en la vista de *injunction.* Consecuentemente, declaró *No Ha Lugar* el remedio interdictal y lo desestimó con perjuicio. Además, dispuso que las demás causas de acción que surgían de la demanda se atenderían

---

[88] Transcripción de la Vista del 20 de mayo de 2025, a la pág. 23, líns. 1-9.
[89] *Íd.,* a la pág. 35, líns. 15-17.
[90] *Íd.,* a la pág. 38, líns. 9-12.
[91] *Íd.,* a la pág. 35, líns. 1-9.
[92] *Íd.,* a la pág. 38, líns. 9-15.

por la vía ordinaria. Disconforme, System One solicitó reconsideración de la sentencia, la cual fue declarada *No Ha Lugar* por el foro primario. Aun en desacuerdo System One presentó el recurso de marras para que interviniéramos con el curso decisorio tomado por el foro apelado.

Dicho lo anterior, puntualizamos que, conforme expusimos previamente el *injunction* es un remedio extraordinario, que de concederse supone la expedición de un mandamiento judicial que le exige a una persona evitar o realizar determinado acto.[93] Particularmente, el *injunction* preliminar puede concederse en cualquier momento antes del juicio en su fondo, y su propósito es mantener el *status quo* mientras se dilucidan las controversias en sus méritos.[94] Ahora bien, los actos que se prohíben o se ordenan realizar mediante el *injunction* deben ser cuestiones futuras que amenazan ser cometidas o que se anticipan que serán cometidas.[95] Por tanto, uno de los requisitos a evaluar para determinar la procedencia del *injunction* es que la causa no sea académica.[96] En otras palabras, que no sea una cuestión que ya ocurrió, de manera que, haya otro remedio en el curso básico de la ley más apropiado que el *injunction* para atender la misma.[97] Igualmente, es esencial para que proceda la concesión del remedio interdictal que la parte promovente demuestre que, de no concederse el *injunction,* sufrirá un daño irreparable. [98]

---

[93] Artículo 675 del Código de Enjuiciamiento Civil, *supra*; *E.L.A. v. Asoc. de Auditores*, supra, a la pág. 679.
[94] *Next Step Medical v. Bromedicon et al.*, supra, a la pág. 486; David Rivé, *op. cit.*, a la pág. 21.; *VDE Corporation v. F & R Contractors*, supra, a la pág. 41; *Mun. de Ponce v. Gobernador*, supra, a la pág. 784.
[95] *VDE Corporation v. F & R Contractors*, supra, a la pág. 40; R. Hernández Colón, *op. cit.*, a la pág. 463.
[96] Regla 57.3 (4) de Procedimiento Civil, *supra*; *VDE Corporation v. F & R Contractors*, supra, a las págs. 40-41; *Rullán v. Fas Alzamora*, supra, a la pág. 764.
[97] *E.L.A. v. Asoc. de Auditores*, supra, a la pág. 679; *Mun. de Loíza v. Sucns. Suárez et al.*, supra, a la pág. 367.
[98] *VDE Corporation v. F & R Contractors*, supra a la pág. 40*; Misión Ind. P.R. v. J.C.A.*, supra, a la pág. 681.

Según reseñamos, durante la vista, la parte demandante no logró presentar ninguna acción que estuviera ocurriendo en el presente o que atentara con ocurrir en el futuro, la cual le ocasionara a System One un perjuicio inminente de parte del señor Rivera Torres. Todos y cada uno de los eventos relatados por System One fueron sucesos ya pasados. Peor aún, System One no fue capaz de identificar en su *Demanda*, ni en el transcurso de la vista, cuál era la información que tenía el señor Torres Rivera que presuntamente constituía un secreto comercial y que se estaba utilizando en detrimento suyo. De manera que, entendemos que el tribunal *a quo* no incidió al concluir que, en el caso de marras, no había materia para conceder un remedio interdictal. Por consiguiente, concordamos en que el *primer* y *tercer* error esgrimido por System One *no se cometieron*.

Establecido lo anterior, puntualizamos que en su *segundo* señalamiento de error System One arguye que el foro *a quo* erró al aplicar los criterios exigidos por la Regla 57 de Procedimiento Civil[99] para los interdictos ordinarios, ya que, en este caso, el *injunction* solicitado fue uno estatuario al amparo de la Ley Núm. 80.

Tras evaluar minuciosamente los autos ante nuestra consideración, no albergamos duda de que el remedio interdictal solicitado en el caso de marras fue el ordinario y no uno estatutario. Ello, puesto a que, en la *Demanda* presentada por System One, se solicitó específicamente el remedio de *injunction* preliminar y permanente que provee la Regla 57 de Procedimiento Civil.[100] No fue hasta la vista de *injunction*, que System One manifestó que este caso podría cualificar para el *injunction* estatutario que provee la Ley Núm. 80,[101] sin embargo, esta parte no elaboró su teoría. Incluso,

---

[99] 32 LPRA Ap. V, R. 57.
[100] *Íd.*
[101] Transcripción de la Vista del 20 de mayo de 2025, a la pág. 30, líns. 9-11.

cuando el juez de instancia le preguntó si el remedio que estaba solicitado era al amparo de la Regla 57, System One respondió "Sí".[102] Fue entonces en su solicitud de reconsideración de la sentencia que System One elaboró la aludida teoría y arguyó que el tribunal *a quo* debió ser menos riguroso al evaluar la procedencia del remedio interdictal puesto a que este caso trataba de un *injunction* estatutario al amparo de la Ley Núm. 80.

Ahora bien, las Reglas de Procedimiento Civil permiten a los tribunales conceder aquellos remedios que procedan en Derecho, aunque la parte no los solicite o se equivoque al invocarlos.[103] Sin embargo, lo anterior no opera en vacío ni significa la concesión automática de remedios jurídicos. Aunque es cierto que los requisitos para que el tribunal conceda un *injunction* estatutario son menos rigurosos que aquellos establecidos para la concesión de un remedio interdictal ordinario,[104] según expusimos en nuestra previa exposición doctrinal, quien interese solicitar el *injunction* que provee la Ley Núm. 80, tiene que alegar hechos específicos que demuestren claramente que el demandado se apropió indebidamente de un secreto comercial y conjuntamente probar la apropiación indebida mediante evidencia.[105]

Conforme surge de los autos, así como de la transcripción de la vista de *injunction*, System One de ninguna forma definió cuál era el secreto comercial que interesaba proteger ni demostró la apropiación indebida requerida para la concesión del *injunction* estatutario. En la vista de *injunction*, System One arguyó que el señor Torres Rivera tenía en su posesión información confidencial de System One de precios y costos, así como de todos los suplidores

---

[102] Transcripción de la Vista del 20 de mayo de 2025, a la pág. 9, líns. 15-19.
[103] Regla 71 de Procedimiento Civil, 32 LPRA Ap. V, R. 71.
[104] *Next Step Medical v. Bromedicom et al.,* supra, a la pág. 497; *CBS Outdoor v. Billboard One, Inc. et al.,* supra, a la pág. 409.
[105] Artículos 7 y 8 de la Ley Núm. 80, *supra.*

y clientes de la referida entidad.[106] Sin embargo, no logró identificar ni especificar cuál era la información confidencial que se interesaba proteger, ni tampoco de qué manera el señor Torres Rivera se estaba apropiando indebidamente de la misma. Incluso, conforme adelantamos, el juzgador de instancia concedió un receso durante la vista, para que se produjera una lista de los clientes y suplidores de System One con los que presuntamente el señor Torres Rivera se estaba comunicando actualmente.[107] Sin embargo, la System One no fue capaz de producir la referida lista.[108] En vista de lo anterior, y a nuestro juicio, aun si el tribunal de instancia hubiese comprado la teoría de System One, de que este caso cualificaba para remedio interdictal provisto por la Ley Núm. 80, este no podía otorgarse, puesto a que no se cumplieron los requisitos para su concesión. Por consiguiente, colegimos que el *segundo* error esgrimido por System One *tampoco se cometió.*

Por todo lo expuesto, no concebimos una conclusión distinta a la desestimación de la causa de acción interdictal presentada por System One. Siendo así, y en reconocimiento de la naturaleza discrecional de un interdicto, entendemos que el foro primario no abusó de su discreción al concluir que no procedía la concesión del *injunction* y al ordenar la continuación de los trámites judiciales por la vía ordinaria. De manera que, nos es forzoso confirmar la *Sentencia parcial* apelada.

### B. Recurso TA2025CE00111

En el recurso apelativo TA2025CE00111, System One, mediante una petición de c*ertiorari,* nos convida a que expidamos el auto solicitado y a su vez revisemos y revoquemos una *Orden* emitida por el foro de instancia, mediante la cual, habiéndose

---

[106] Transcripción de la Vista del 20 de mayo de 2025, a las págs. 9 y 11, líns. 23-25 y 14-19, respectivamente.
[107] *Íd.*, pág. 35, líns. 15-17.
[108] *Íd.*, a la pág. 38, líns. 9-12.

presentado el antes reseñado recurso de apelación, dispuso paralizar todos los procedimientos en el caso hasta tanto se recibiese el mandato del Tribunal de Apelaciones.

Luego de haber evaluado la *Orden* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Por otro lado, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[109] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[110] Aun cuando reconocemos que el tribunal de instancia puede a su discreción proseguir el pleito en cuanto a las cuestiones no comprendidas en la apelación, en lo que respecta a nuestras facultades como foro revisor y el marco doctrinal aplicable, forzosamente nos lleva a concluir que no debemos intervenir con la determinación recurrida.

Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal hemos acordado denegar la expedición del auto de *Certiorari*.

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* parcial apelada en el alfanumérico **TA2025AP00011**. Por otro lado, se *deniega* la expedición del auto de *certiorari* en el alfanumérico **TA2025CE00111**.

---

[109] *BPPR v. SLG Gómez-López*, supra, a la pág. 334.
[110] *Íd.*; *Mejías v. Carrasquillo*, supra, a las págs. 306-307.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones